Submitted on record and briefs January 17, reversed
February 14, 1968

# UNION AVENUE SOCIAL CLUB, INC.,
*Respondent, v.* PEET, *Appellant.*

437 P. 2d 730

Clarence R. Kruger, Assistant Attorney General, Robert Y. Thornton, Attorney General, and E. Nordyke, Assistant Attorney General and Chief Counsel for the Department of Employment Commissioner, Salem, for appellant.

Ernest M. Jachetta, Portland, for respondent.

## PER CURIAM.

The Department of Employment commissioner held the Union Avenue Social Club, Inc., on account of its employment of musicians at the club, to be responsible for them for unemployment compensation taxes. The club objected and evidence was taken at a referee's hearing, after which the commissioner was upheld. In circuit court the referee and commissioner were reversed and the commissioner has appealed.

The musicians were employed under written contracts with set remuneration and time for performance. The contracts are in evidence. If the employer was to escape coverage, the burden then was his to establish that the musicians were free from his control or direction, both under the contract of service and in

fact. He must also have shown the employes customarily had an independently established business of the same nature as that involved in the contract of service with the employer. ORS 657.040. Fact questions are determined administratively by the commissioner, and, if supported by substantial evidence, his findings will be upheld. ORS 657.005, et seq.; *Kirkpatrick v. Peet,* 247 Or 204, 428 P2d 405 (1967); *Unemployment Comp. Com. v. Bates,* 217 Or 121, 341 P2d 119 (1959); *Journal Pub. Co. v. State U.C. Com.,* 175 Or 627, 155 P2d 570 (1945); *Rahoutis v. Unemployment Commission,* 171 Or 93, 136 P2d 426 (1943); *Singer Sew. Mach. Co. v. State U.C.C.,* 167 Or 142, 103 P2d 708, 116 P2d 744, 138 ALR 1398 (1941).

■ The contracts in evidence state that "* * * The employer shall at all times have complete control over the services of employees under this contract * * *." The statute states in plain terms that the employe, if he is not under the coverage, must have been free from control or direction of the employer *"both under his contract of service and in fact."* ORS 657.040 (1). (Emphasis supplied.) The club's evidence was directed largely to meeting the question of whether in fact the employer exercised control. No evidence controverts the quoted language from the contract, which clearly gives the employer control, regardless of whether he exercised it.

There was virtually no evidence to show any of the musicians had an independently established business. This requirement of the statute does not mean the independently established business is work the employe is doing for the defendant employer, but it means other work of the same nature that the employe is doing, and it must amount to an independently established business in which the employe customarily is engaged.

*Rahoutis v. Unemployment Commission,* supra at 115.
The analysis of facts on this point in *Bates,* supra at
126, makes this clear.

The employer testified that one set of musicians
once took an outside job at the state fair. There is no
other evidence of outside employment.

■ To exempt the employer from the act the right
of the employe to be independently engaged if such is
shown, is not enough. The evidence of the employer
must show the employe customarily was so engaged.
*Rahoutis,* supra at 114.

The decision of the referee is supported by sub-
stantial evidence and must be upheld. If the employ-
ment of musicians in circumstances such as exist in
this case is to be exempt from the unemployment com-
pensation law, it seems that it must come by legisla-
tive action, as was done for news delivery service, real
estate and insurance agents, etc. ORS 657.080 et seq.

The judgment of the circuit court is reversed.