Argued March 16, reversed and remanded with instructions
April 23, petition for rehearing denied May 19, 1970

DICK, *Respondent, v.* MORGAN, *Appellant.*

468 P2d 544

*E. Nordyke,* Assistant Attorney General and Chief Counsel for the Employment Division Administrator, Salem, argued the cause for appellant. With him on the brief was Lee Johnson, Attorney General, Salem.

*Marvin S. Nepom,* Portland, argued the cause for respondent. With him on the brief were Leo Levenson and Pattulo, Gleason & Hinson, Portland.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

SCHWAB, C. J.

Appellant, the Employment Division Administrator, notified respondent of a deficiency assessment for unemployment compensation taxes under the Employment Division Law, ORS 657.005 to 657.990. Respondent requested a hearing, ORS 657.681(5), at which the referee found for appellant. Upon judicial review in the circuit court, ORS 657.683, the order of the referee was reversed. From this judgment the administrator brings his appeal.

The deficiency was assessed for payments made in the employment of entertainers in respondent's business establishment. Respondent contends that the employment was excluded from coverage under the statute because the entertainers were independent contractors. In a similar case, involving the employment of musicians, the Oregon Supreme Court stated:

"The musicians were employed under written contracts with set remuneration and time for per-

formance. The contracts are in evidence. If the employer was to escape coverage, the burden then was his to establish that the musicians were free from his control or direction, both under the contract of service and in fact * * *. ORS 657.040 * * *." *Union Avenue Club v. Peet,* 249 Or 135, 136, 437 P2d 730 (1968).

The referee below found that the respondent failed to sustain the burden of establishing that the entertainers which he employed were free from his direction and control both in contract and in fact. Accordingly, he sustained the deficiency assessment of the administrator. In the circuit court the trial judge found that the weight of the evidence did not support the findings of the referee and entered judgment overruling the referee's order.

On judicial review of the order of the referee, the findings of fact are conclusive if supported by substantial evidence, and the jurisdiction of the court is limited to questions of law. *Union Avenue Club v. Peet,* supra, at 137, and ORS 657.683(10). Respondent did not contend that the entertainers did not perform services for remuneration.

■ Some of the entertainers in the present case were employed under standard form written contracts similar to the contract in *Union Avenue Club v. Peet,* supra. The contracts expressly gave respondent the right to control the services of the entertainers. In an effort to controvert the express terms of the contracts, respondent testified that he did not in fact control the entertainers or have the right to do so. A theatrical agent testified that the term of the contracts giving the employer the right to control the entertainers did not mean anything. We cannot say as a matter of law that it was error for the referee to find that the re-

spondent had failed to sustain the burden of showing that the entertainers who performed under written contracts were free from control or direction under the contract.

■ Other entertainers were employed under oral contracts. Respondent testified that these oral contracts did not expressly give him the right to control the entertainers. He also testified that he did not have the right to control the entertainers nor did he in fact control them. The record is silent as to whether the contracts expressly stated that respondent did not have the right to control the entertainers. Here also, we cannot say as a matter of law that it was error for the referee to find that respondent had failed to sustain the burden of establishing that these entertainers were free from his control and direction under the contracts.

■ The respondent argues with some conviction that the entertainers in question customarily perform briefly in many geographically scattered establishments—that as a practical matter, it is extremely unlikely that they will ever benefit from the provisions of the unemployment compensation law. It may well be that the employment of entertainers in circumstances such as exist in this case should be exempt from the Act. However, such exemption must come by legislative action as has been done for certain other occupations. *Union Avenue Club v. Peet,* supra, at 138.

Since we cannot say that the referee was in error in finding that the respondent failed to show that the entertainers were free from his control under the contracts, the judgment of the circuit court is reversed with costs. The case is remanded with instructions to enter judgment in accordance with ORS 657.683.   ...