Argued December 8, affirmed December 29, 1960

# STATE UNEMPLOYMENT COMPENSATION COMMISSION *v.* BROWN

358 P. 2d 502

*Burr E. Tatro*, Portland, argued the cause and filed briefs for the appellant.

*Roland V. Brown*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, E. Nordyke, Ralph W. Taylor and C. Sorensen, Assistant Attorneys General, Salem.

Before McAllister, Chief Justice, Rossman, Perry, Goodwin and King, Justices.

KING, J. (Pro Tempore)

This is an action brought by the State Unemployment Compensation Commission of Oregon against the defendant, Elwood M. Brown, doing business as Brown's Barber Shop, for unpaid payroll contributions for the last three quarters of 1956, for all of 1957 and 1958.

The case was heard by a jury in the Circuit Court of Washington county, Oregon, and verdict was returned for the defendant.

Motion for judgment notwithstanding the verdict

was filed and granted by the court and judgment was rendered for the plaintiff as prayed for in its complaint. From that judgment the defendant brings this appeal.

The defendant makes only one assignment of error, to-wit:

"The trial court erred in allowing plaintiff's motion for judgment non obstante verdicto, there being substantial evidence to support the verdict of the jury."

The defendant in this case was the owner and operator of Brown's Barber Shop located on Highway 217 just north of Tigard, Oregon. There are three barber chairs in the shop. The defendant personally operates chair No. 1 and used an oral lease, or rental arrangement, on the other two chairs with other barbers.

The State's witnesses corroborated the defendant who testified that the oral lease arrangement was as follows:

"They were to have a chair and water and lights and heat and shaving lotions and soap, and a portion of the barber shop for their own customers. In return, why they paid on their rent twenty-five per cent, or one-fourth of what they took in during the day.

"* * * * *

"They collected and made their own change, and then at the end of the day, why they paid up the rent for that day and kept the rest of the money they took in."

He further testified that the barbers each counted their own cash intake and he made no check of it; they worked about as they liked. Each barber listed himself as self-employed on his Federal Income Tax re-

turns. Each barber had many of his own patrons who would wait for him, in addition to caring for members of the general public who had no special choice of barber. The barbers furnished their own equipment such as razors, shears, combs, etc.

The defendant furnished the heat, light, hot water, power for their electric equipment, the license, and furniture for the waiting space which was used by all customers. No particular time notice was required before a barber would quit or was asked to quit. The general posted prices were charged by all the barbers. General insurance on the premises, both fire and public liability, was carried by the defendant.

The witnesses for the State testified to substantially the same facts as did the defendant, Mr. Brown. In this regard there was no dispute or disagreement.

■ When the facts testified to are not materially at variance and the decision involves only a question of law based upon those facts, and no presumptions or inferences can be deducted therefrom, there is nothing for the jury to decide. It merely becomes a question of law for the court. *Farley v. Portland Gas & Coke Co.*, 203 Or 635, 280 P2d 384; *Clarke-Woodward D. Co. v. Hot Lake S. Co.*, 75 Or 234, 146 P 135; *Squires v. Modern Brotherhood*, 68 Or 336, 347, 135 P 774, 778; *Coffin v. Hutchinson*, 22 Or 554, 557, 30 P 424.

Would the facts as testified to by the defendant and his witness, conceding them to be true, be sufficient to relieve or excuse the defendant from complying with the provisions of the Oregon Unemployment Compensation Law? We believe not, as will be pointed out.

It is conceded that he did not make the required reports and he would be liable for the amounts prayed for in the complaint unless he is exempt from the Act's

provisions. The provisions of the Act applying to this case were as follows:

ORS 657.025—"* * * 'employer' means any employing unit which employs two or more individuals in an employment subject to this chapter in any one day in each of six separate weeks during any calendar quarter in any calendar year during which its total payroll amounts to $1,800 or more for such year."

ORS 657.030—"* * * 'employment' means service for an employer * * * performed for remuneration or under any contract of hire, written or oral, express or implied."

ORS 657.040—"Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the commissioner that:

"(1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

"(2) Such individual customarily is engaged in an independently established business of the same nature as that involved in the contract of service."

A number of cases involving various types of employment have been decided by this court and the Unemployment Compensation Act has been pretty thoroughly interpreted.

In the case of *Journal Pub. Co. v. State U. C. Com.*, 175 Or 627, 635, 155 P2d 570, which held the Journal distributors were under the Act, this court, speaking through Mr. Justice LUSK, made a comprehensive analyses of the Act and its scope. Speaking of coverage of the Act he says:

"We have heretofore held that the test of coverage under the law is whether a case falls within the statutory definitions, which are 'broader than the scope of the employer-employee relation or that

of master and servant as those terms are known to the common law.' *Rahoutis v. Unemployment Compensation Commission*, 171 Or. 93, 113, 136 P. (2d) 426; *Singer Sewing Machine Company v. State Unemployment Compensation Commission*, 167 Or. 142, 149, 164, 176, 103 P. (2d) 708, 116 P. (2d) 744, 138 A.L.R. 1398. The Rahoutis case is also authority for the proposition (which follows from the plain terms of the law) that, once it is shown that the individual has performed services for remuneration for an employer, the burden is cast upon the one who claims that such individual is not under the act to satisfy the commission that he comes within the exceptions provided in § 126-702 (f), (E), O.C.L.A. (171 Or. 119)."

The above case also holds that the Unemployment Compensation law is remedial and should be liberally construed.

In the very recent case of *Unemployment Comp. Com. v. Bates*, 217 Or 121, 126, 128, 341 P2d 119, which concerned the various phases of construction of houses, this court speaking through Mr. Justice ROSSMAN said:

"Although some courts determine the issue of employee v. independent contractor by common-law tests, this court, as well as many others, uses the rule that the statutory tests set forth in the Unemployment Compensation Act must be employed in the determination of that issue: *Singer Sewing Machine Company v. State Unemployment Compensation Commission*, * * * [supra]; *Rahoutis v. Unemployment Compensation Commission*, * * * [supra]; and *Journal Publishing Company v. State Unemployment Compensation Commission*, * * * [supra].

"* * * * *

"The Unemployment Compensation Act deals with a social problem, that is, the economic condition of a working man when he becomes unemployed. Definitions of the term 'employee' which are used

in tort actions and produce there desirable results may not yield in unemployment compensation cases the results which the authors of the act intended it should produce. The act, therefore, contains its own set of definitions and, as we have seen, those definitions must be employed. As *Singer Sewing Machine Company v. State Unemployment Compensation Commission*, supra, held, the tests set forth in the act impose something more than the common-law standard of master and servant. However, common-law tests must not be completely ignored. The definitions set forth in the act supplement and augment the common-law tests."

Without going further into the tests to determine whether the defendant was an employer under the Act, and whether his agreements with the barbers made them independent contractors conducting their own businesses, we believe the above mentioned Oregon cases demonstrate clearly that the defendant has failed to sustain and carry the burden of showing that he was not an employer under the Act. He retained considerable control over the employees' actions and work. It could hardly be said that there were three distinct and independent businesses conducted under the general name of "Brown's Barber Shop." If that were the case, they certainly would not be complying with ORS 690 regulating barber shops.

The above mentioned Oregon cases have not been directly concerned with barbers and barber shops but many cases in other states having similar Unemployment Commission laws have dealt with almost identical situations and with facts almost identical with the facts in the case at bar.

The case of *Tharp v. Unemployment Compensation Commission*, 57 Wyo 486, 121 P2d 172, deals with an almost identical situation. There was an oral, and

later a written, agreement leasing the barber chairs for a percentage, with the owner furnishing the heat, light, lotions and other items. The court there, among other things, said:

> "The work done by the barbers aforesaid necessarily had to be performed in the shop leased and controlled by Tharp as lessee. As to the scope of the work, Tharp undoubtedly held the right to control that also, for if a barber had undertaken to do, for example, cabinet carpentering in the shop, Tharp could have put a stop to such a practice if he so desired."

> "The barbers in question were not in this case 'engaged in an independently established trade, occupation, profession or business'. Under the License agreement Tharp bought their supplies, furnished them light, heat, water and a place to work and equipment vital to the carrying on of their business, i.e., chairs and lavatories, they supplying only the less expensive tools of their profession."

The case of *State v. Goessman,* 13 Wash2d 598, 126 P2d 201, also referring to barbers operating under the facts almost identical to the case at bar, came to the same conclusion as *Tharp v. Unemployment Compensation Commission,* supra.

Many other cases from other states came to substantially the same conclusions. The defendant has not cited a single case coming under the provisions of any state's unemployment compensation laws to sustain his position and we have found none.

■ We, therefore, hold, after giving full credit to defendant's evidence and full credit to any of the plaintiff's evidence favorable to the defendant, that there was no question of fact to be determined by the jury; and considering the facts in the same manner,

they showed that the defendant was an employer, subject to the act, and owed the amounts set out in the plaintiff's complaint. The trial court should not have submitted the case to the jury and when it did, the jury's verdict should have been set aside.

■ The defendant's reply brief, under points and authorities, for the first time mentions and suggests that the Unemployment Compensation Act is unconstitutional. It is not raised as an assignment of error and only a few lines devoted to it, and no authorities cited. It is not mentioned in the pleadings.

In *Tharp v. Unemployment Compensation Commission*, supra, the Wyoming Supreme Court in a similar situation said:

> " 'Constitutional questions are too important to be answered by this court at random, and they should not be answered unless fully presented.' See also Roy v. Kansas City, 204 Mo.App. 332, 224 S.W. 132, 137."

We agree with the above statement and decline to pass upon the constitutional question unless and until it is properly and fully submitted.

Affirmed.