Argued June 18, affirmed July 9, petition for rehearing denied
August 4, petition for review allowed by Supreme Court
September 22, 1970. ▮▮▮▮▮▮

## GOLDEN SHEAR BARBER SHOP ET AL, *Appellant,*
## *v.* MORGAN, *Respondent.*
471 P2d 858

*Allen F. Fallgren*, Portland, argued the cause and
filed the brief for appellant.

*Alan H. Johansen,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

SCHWAB, C.J.

The petitioner appeals from a decree of the circuit court affirming an administrative ruling that he was the employer of one John Olsen for the purposes of the Unemployment Insurance Law.

In June of 1968, Olsen, an apprentice barber, entered into an agreement with the Golden Shear Barber Shop whereby Olsen agreed to pay $35 per week into a fund to cover overhead expenses of the shop in return for use of a portion of the premises in which to conduct his barber trade. Three other barbers, all registered, including the petitioner Harris, had leased the premises and the state barber shop license was issued to those three.

Olsen had his own area of the shop assigned to him, used his own barber tools, made his own appointments and retained all fees paid by his customers for services rendered. The only funds transferred by Olsen to the "employing unit" were weekly payments of $35 as Olsen's proportionate share of the rental and miscellaneous overhead expense.

As noted above, Olsen was an apprentice barber. ORS 690.030 (1) provides:

"No registered apprentice may independently practice barbering, but he may, as an apprentice, do any or all of the acts constituting the practice of

barbering under the immediate personal supervision of a registered barber. Only one such apprentice shall be employed in any licensed shop."

ORS 660.020 provides:

"(1) Every applicant as an apprentice or trainee, and his employer or the agent of his employer, within 30 days after the applicant enters the service of the employer or the agent of the employer as an apprentice or trainee, shall enter into a written agreement of apprenticeship or training.

"(2) No person shall employ an apprentice in violation of this chapter."

ORS 690.050(d) provides in effect that in order to qualify to receive a certificate of registration to practice barbering, a barber must have practiced as a registered apprentice for a period of 15 months under the immediate personal supervision of a registered barber.

The referee who conducted the administrative hearing found, and the petitioner in his brief conceded, that in order to comply with the applicable law Harris had signed for him.

Petitioner's sole point on appeal is that the statutory requirement that an apprentice barber practice under the immediate personal supervision of a registered barber is for the purpose of protecting the health and welfare of the public and does not create a contract of employment which would not otherwise exist.

He apparently seizes on this point because the referee who initially heard the matter considered this factor in arriving at his decision that petitioner was the employer of Olsen. The referee gave this factor considerable weight for he determined that only Harris

and not the other two registered barbers constituted the "employing unit." ORS 657.020.

Whether the referee was correct as to the latter two is not before us. The arrangement between the "employing unit" and Olsen would have constituted an employer-employe relationship for the purposes of the Unemployment Insurance Law, ORS ch 657, even if Olsen had been a registered rather than an apprentice barber. The Supreme Court of Oregon has so held in the case of a similar arrangement involving registered barbers only. *Unemp. Compensation Com. v. Brown*, 225 Or 306, 358 P2d 502 (1960).

Affirmed.