Argued July 22, affirmed September 10, 1970

CULP, *Respondent, v.* PEET, *Appellant.*

474 P2d 13

*E. Nordyke,* Assistant Attorney General and Counsel for Employment Division, Salem, argued the cause for appellant. With him on the brief was Lee Johnson, Attorney General, Salem.

*Burton H. Bennett,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

This is an appeal from judgment of the circuit court reversing a hearing officer's decision that seven or eight subcontractors were in fact employes for whom plaintiff was legally required to make contributions to the Unemployment Compensation Trust Fund. The plaintiff had been assessed for payments which were allegedly due from 1963 through 1966.

During the time involved, plaintiff was a con-

struction contractor engaged in building homes and small business buildings. His evidence showed that he contracted with these particular artisans to do specialized jobs such as finish cabinets, carpentry, masonry, etc. He let all of this work on bid. The evidence indicates that the same artisans were usually, but far from always, on his jobs. They also did numerous jobs under similar arrangements for other building contractors—some of them subcontracting for as many as six principal contractors. Each artisan generally had his own business cards, billing forms, signs, business license or licenses, power and hand tool equipment, and union membership. The plaintiff furnished none of these items, but the record indicates that while the subcontractor's bids usually included materials and labor, plaintiff furnished some materials. The evidence showed that the subcontractors risked losses on both material and labor. The plaintiff did not exercise control over the artisans' hours or days on or off any particular job. He did not supervise their work, but he expected them to get on a job and complete it in a reasonable time.

On cross-examination, with reference to finish subcontractors Hill and Affolter, plaintiff testified that they competed with him as general contractors while they did some of his work. They finally ceased doing work for him. After cross-examining about Hill and Affolter, counsel stipulated that answers concerning the other subcontractors would be substantially the same, and cross-examination ceased. For this reason the record does not give a very clear picture of the other artisans' competition with plaintiff, but the inference is that they competed in their lines of business.

ORS 657.040 (1) and (2), prior to 1967, provided:

ORS 657.040. "Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the commissioner that:

"(1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

"(2) Such individual customarily is engaged in an independently established business of the same nature as that involved in the contract of service."

The burden is on the plaintiff to prove that the alleged employes were not covered by the act, and for a court to reverse the hearing officer's determination it must be satisfied that the determination is not supported by substantial evidence. *Dick v. Morgan,* 2 Or App 437, 468 P2d 554 (1970); *Baker v. Cameron,* 240 Or 354, 401 P2d 691 (1965); *Kirkpatrick v. Peet,* 247 Or 204, 428 P2d 405 (1967). In the latter case it is said that if coverage is to be excluded it must be shown that the alleged employe is an entrepreneur—that is, that his enterprise calls for the investment of risk capital with the prospect of loss or gain, employment of others, and, normally, performance of service for more than one person.

We have analyzed the facts and compared them with the tests of ORS 657.040 (1) and (2), and conclude that no substantial evidence supports the hearing officer's conclusions. The artisans were free from plaintiff's control. The oral contracts, as distinguished from the written form contracts in *Dick v. Morgan,* supra, and *Union Avenue Club v. Peet,* 249 Or 135, 437 P2d 730 (1968), do not purport to give plaintiff control.

The only evidence is that he does not, in fact, exercise that type of control possessed by a supervisor of workmen. The plaintiff testified that several years earlier he had ceased hiring workmen to avoid being constantly on the job site supervising, and to avoid "* * * the many monotonous hours of book work that the State of Oregon and Federal Government requires an individual like myself to do * * *."

■■ The evidence is that the artisans are otherwise customarily engaged in the same kind of work. They do similar jobs for numerous other persons and firms. In this work they are sometimes in competition with plaintiff. Although most of the subcontractors did not hire employes on plaintiff's jobs, the evidence is that they could have done so if they so chose. The fact that the subcontractors are the class of workmen the act was intended to cover, if that is the fact, or that workmen who do their kind of work often do it for a union negotiated wage scale, does not bring their activity within the purview of the act as it was before 1967. When the words are clear, the court cannot read intention into the statute.

This decision is limited in its application because it applies to payments which were allegedly due prior to 1967. In 1967 the legislature added provisions to ORS 657.040 more clearly defining coverage of workmen such as those involved in the case at bar. This opinion does not apply to or construe the new provisions.

Affirmed.