Submitted on briefs April 11, reversed April 27, 1972

KUHLMAN, *Petitioner, v.* MORGAN
(No. 72-T-13), *Respondent.*
496 P2d 246

Del Parks, Klamath Falls, for petitioner.

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and Al J. Laue, Assistant Attorney General, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C.J.

Plaintiff-employer seeks judicial review of the decision of a State Employment Division referee who held him liable for contributions to the Employment Division for the period commencing with the first quarter of 1969 on compensation paid two men who were associated with his home improvement business.[1] Plaintiff contends that the two men involved were not employes because their services came within the statutory exemption of ORS 657.040(1) and (2) which read in pertinent part:

"Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the administrator that:

"(1) Such individual has been and will continue to be free from control or direction over the per-

---

[1] The two men were John Hawkins and James Lewis Edwards. The defendant stipulated, and the referee found as a fact, that the findings applicable to Mr. Hawkins are also applicable to Mr. Edwards. The testimony taken was from Mr. Hawkins, but references to Mr. Hawkins in the opinion generally apply to Mr. Hawkins *and* Mr. Edwards.

formance of such services, both under his contract of service and in fact; and

"(2)(a)   Such individual customarily is engaged in an independently established business of the same nature as that involved in the contract of service * * *."

The referee based his conclusion on the following findings: John Hawkins, one of the two men, had been an employe of plaintiff until 1967 or 1968. At the time of the hearing Mr. Hawkins held his own general contractor's license, and had an assumed business name on file with the county clerk in Klamath County. During the period covered by the deficiency, plaintiff furnished materials, but not tools, to Mr. Hawkins, who installed patios and sidings. Either party was free to terminate the relationship, and on occasion Mr. Hawkins refused to do a job for plaintiff, who then got other help. Mr. Hawkins did not advertise in any way. Plaintiff believed that Mr. Hawkins was more knowledgeable about the work than he was himself and so did not directly supervise Hawkins's work.

■ ORS 657.040(1) and (2)(a) require as a prerequisite to exemption that the individual be both free from control of the employer and "customarily * * * engaged in an independently established business * * *." The guidelines for this latter condition were set forth in *Baker v. Cameron*, 240 Or 354, 365-66, 401 P2d 691 (1965), where the court said:

" '* * * The double requirement, that the worker's occupation be "independently established" and that he be "customarily" engaged in it, clearly calls for an enterprise created and existing separate and apart from the relationship with the particular employer, an enterprise that will survive the termination of that relationship. * * *' Willcox, *The Cov-*

*erage of Unemployment Compensation Laws,* 8 Vand L Rev 245, 264-265 (1955)."

" '* * * *

" '* * * Most important for unemployment compensation are those factors—investment, good will, an independent clientele, and the like—which enable the worker to continue in business if he loses a particular customer, and which thus prevent that loss from rendering him unemployed. * * *' (Willcox, supra, at 265)."

*See also, Culp v. Peet,* 3 Or App 406, 474 P2d 13 (1970).

■ In *Baker,* certain men who applied roofing and siding for a contractor were held to be employes within the meaning of the statute, but the relationships there are distinguishable from those at hand.

The court, in reaching its decision in *Baker,* stated that the testimony of the workers involved indicated they were independent contractors, but that other evidence clearly contradicted their testimony. The referee in *Baker* had previously made a finding that several of the questioned workers had applied for unemployment compensation—and thus considered *themselves* to be employes. This finding, taken in conjunction with evidence that the workers were customarily employed by "only one, two or three employers," was sufficient to convince the court that the men were employes and did not meet the statutory requirement of being "customarily * * * engaged in an independently established business."

Applying the *Baker* test to the case at bar, the uncontroverted evidence shows that Mr. Hawkins was customarily engaged in his own business. He testified that he was employed by "quite a few" individuals, partially bid jobs on his own, and even bid against

plaintiff. Both plaintiff and Hawkins gave testimony that Mr. Hawkins was free to refuse a job for plaintiff, and in the past had refused. Mr. Hawkins stated that he left plaintiff's employ in 1967 or 1968, and began to compete for jobs with plaintiff by forming a contracting company of his own. He filed an assumed business name at the Klamath County courthouse, and opened a checking account, both of which were listed as John Hawkins, Contractor. Mr. Hawkins also testified that he had a State Department of Revenue number as an employer and was free to employ others to work for him.

Mr. Hawkins, unlike the siding applicators in *Baker v. Cameron*, supra, did not consider himself to be an employe, took steps consistent with independence, and if he had lost plaintiff as a "customer," would not have been "rendered unemployed."

The uncontroverted evidence also shows that Mr. Hawkins was free of control from plaintiff. Not only did Mr. Hawkins work without any supervision from plaintiff, and in the manner he saw fit, but when Hawkins's work was defective, he corrected it at his own expense.

Reversed.