Argued March 1, affirmed in part; reversed in part March 19,
petition for rehearing denied April 19, petition
for review denied June 12, 1973

BARGER, *Petitioner, v.* MORGAN, *Respondent.*

507 P2d 821

*Justin C. Tallman,* Gresham, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

Plaintiff-employer seeks judicial review of the findings and order of the State Employment Division which held him liable for contributions to the Employment Division. The challenged deficiency assessment relates to unemployment taxes claimed by the Division to be due with respect to payments made by plaintiff, a construction contractor, to 27 persons. Plaintiff contends that the persons involved were not employes because their services came within the statutory exemption of ORS 657.040 which reads:

"Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the administrator that:

"(1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

"(2)(a) Such individual customarily is engaged in an independently established business of the same nature as that involved in the contract of service; or

"(b) Such individual holds himself out as a contractor and employs one or more individuals to assist in the actual performance of services and who meets the following criteria shall be deemed to have an independently established business:

"(A) The individual customarily has two or more effective contracts.

"(B) The individual as a normal business practice utilizes separate telephone service, business cards and engages in such commercial advertising as is customary in operating similar businesses.

"(C) The individual is recognized by the Department of Revenue as an employer.

"(D) The individual furnishes substantially all of the equipment, tools and supplies necessary in

carrying out his contractual obligations to his clients."

■ The alleged deficiency was discovered in the course of an audit of plaintiff's records. The auditor found that certain payments appeared to have been made to individuals for services rendered to plaintiff's construction business. Despite their location in plaintiff's books under the heading "subcontracts," the Employment Division concluded that the payments had in fact been made to employes. This determination was prima facie correct, ORS 657.683 (4), and the burden was therefore on plaintiff to prove that the persons involved were not employes within the meaning of the Unemployment Compensation Act. *Kirkpatrick v. Peet,* 247 Or 204, 428 P2d 405 (1967).

At the hearing on this matter plaintiff testified as to his relationship with the persons alleged to be his employes. In addition, plaintiff called several of the alleged employes as witnesses to testify as to their method of business operation. The facts were undisputed. The Employment Division called no witnesses to rebut the testimony of plaintiff and his witnesses. The referee in his opinion did not question the credibility of any of the witnesses. On the contrary, his findings of fact consist of a resume' of the testimony of the witnesses.

The referee concluded that plaintiff had not carried his burden of showing that any of the alleged employes were excluded from the coverage of the Act. He therefore affirmed the deficiency assessment in its entirety.

■ ORS 657.040 requires two things as a prerequisite to exemption: First, it requires that the individual be shown to be free from control of the employer.

*Golden Shear Barber Shop v. Morgan,* 258 Or 105, 113, 481 P2d 624 (1971). Second, it must be shown that either (1) the individual is "customarily * * * engaged in an independently established business * * *" or (2) the individual fulfills the four criteria of ORS 657.040 (2) (b).

■ The question of whether a person is an employe within the meaning of ORS 657.040 where the facts are undisputed is one of law. *Baker v. Cameron,* 240 Or 354, 401 P2d 691 (1965); *Michelet v. Morgan,* 11 Or App 79, 501 P2d 984 (1972). Thus this court exercises independent judgment upon the question based upon the facts contained in the record.

The evidence produced at the hearing in this case shows that these 27 persons performed a variety of services for plaintiff, and that their relationships with plaintiff differed greatly. At one extreme were individuals who were unemployed or otherwise idle and were hired by plaintiff to do certain jobs. At the other extreme were individuals who were engaged in businesses in their specialty and who were working on several other jobs at the time when they worked for plaintiff.

In his decision the referee grouped all of these individuals together, and decided that the employer had not overcome the presumption that they were employes. Because of the great differences between the positions of the various individuals vis-a-vis plaintiff, we do not believe that such a grouping provided an adequate analysis of the situation. Therefore, on review, we will divide the individuals into groups which have common characteristics.

■ 1. In the case of six of the 27 payees (McCrea, Ferrell, Rigsby, Brewster, Polson and Palmer), and in

the case of two ledger entries regarding payments to "unknown names," plaintiff had no recollection of their activities and offered no evidence to rebut the statutory presumption that the amounts paid were subject to the Act. Therefore, the determination as to the amounts paid to these persons is affirmed.

■ ■ In six other cases (Moffitt, Schemik, Schmidt, Hancock, Moore and Templin), plaintiff recalled the individuals' activities and testified that he exercised no direction. However, he offered no evidence that they were engaged in an independently established business or met the criteria of ORS 657.040 (2)(b). We therefore agree that plaintiff failed to rebut the presumption that the individuals were employes, and the referee's decision is affirmed as to those cases.

■ ■ In the cases of the remaining 15 individuals, plaintiff established in each case that they were free of his direction and control, thus satisfying ORS 657.040 (1). The sole question is whether, as to these persons, plaintiff carried his burden of showing that they were "customarily * * * engaged in an independently established business * * *."[1]

In *Michelet v. Morgan,* supra, and *Kuhlman v. Morgan,* 9 Or App 184, 496 P2d 246 (1972), we stated that the guidelines for this condition were set forth in *Baker v. Cameron,* supra, 240 Or at 365-66:

"'* * * The double requirement, that the worker's occupation be "independently established" and that he be "customarily" engaged in it, clearly calls for an enterprise created and existing separate and apart from the relationship with the particular

---

[1] None of the 15 individuals were shown to meet all of the criteria of ORS 657.040 (2)(b), and therefore our discussion is limited to whether they met the requirement of (2)(a).

employer, an enterprise that will survive the termination of that relationship. * * *' Willcox, *The Coverage of Unemployment Compensation Laws,* 8 Vand L Rev 245, 264-265 (1955).

"* * * * *

" '* * * Most important for unemployment compensation are those factors—investment, good will, and independent clientele, and the like—which enable the worker to continue in business if he loses a particular customer, and which thus prevent that loss from rendering him unemployed. * * *' (Willcox, supra, at 265)."

Applying the *Baker* test to the case at bar, the uncontroverted evidence shows that each of these individuals was customarily engaged in his own business. Like the individuals involved in *Kuhlman v. Morgan,* supra, each of the 15 remaining individuals took steps consistent with independence, and each had a number of customers other than plaintiff, so that they would not be "rendered unemployed" in the event that they had lost plaintiff's business. In addition, to the extent that it is reflected in the record, it does not appear that any of these individuals considered himself to be an employe of plaintiff.

In *Kirkpatrick v. Peet,* supra, 247 Or at 214, our Supreme Court discussed the dual requirement of ORS 657.040 (2)(a) that the occupation be both "independently established" and "customarily" engaged in.

"* * * This requirement is not met if the continued existence of the enterprise depends upon its relationship with a particular employer. If there is such dependence, the person employed does not have the prospect of supporting himself in the pursuit of his occupation if the person employing him terminates the relationship. It was the purpose of

the Unemployment Insurance Act to provide relief where there was this type of risk of unemployment."

We conclude that in the case at bar plaintiff sustained his burden of showing that the 15 individuals presently under discussion were not so dependent. The cases of these individuals are not materially different from those involved in *Kuhlman v. Morgan,* supra, and *Culp v. Peet,* 3 Or App 406, 474 P2d 13 (1970), in which cases we held that the individuals were independent contractors rather than employes. In our most recent case on the subject, *Michelet v. Morgan,* supra, we reaffirmed our earlier holdings that the crucial question in these cases is whether the individuals are engaged in " '* * * an enterprise created and existing separate and apart from the relationship with the particular employer, an enterprise that will survive the termination of that relationship. * * *' " *Baker v. Cameron,* supra, 240 Or at 365. The record before us adequately indicates that all of the 15 individuals in this group were so engaged. Therefore, the referee's order affirming the deficiency assessment as to these individuals is reversed.

Affirmed in part; reversed in part.