Argued October 24, affirmed November 18, 1974

KLAMATH DENTAL OFFICE, INC., *Petitioner,*
*v.* MORGAN (Case No. 74-T-15), *Respondent.*

528 P2d 91

*Quentin D. Steele,* Klamath Falls, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

Petitioner is an Oregon corporation organized in March 1972 to construct and operate a dental office in Klamath Falls, Oregon. The Employment Division of the Department of Human Resources found petitioner to be an employer subject to the Employment Division Law (ORS ch 657) as of April 5, 1972, and liable thereafter to submit Employer's Tax Reports and pay employment taxes on its payroll. After a hearing requested by petitioner, the hearing referee affirmed the determination of the Employment Division. On this appeal petitioner asserts that the record did not contain reliable, probative and substantial evidence to support the decision by the hearing referee that the general contractor and subcontractors hired to build an office building for petitioner were employes of the petitioner within the meaning of the Employment Division Law.

In March or April of 1972, petitioner entered into an oral contract with Mr. Kenneth Brookshire for construction of a building for the corporation. Further pertinent facts, which the petitioner does not contend are incorrect, are contained in the following excerpts from the referee's findings of fact:

"* * * Kenneth Brookshire made an estimate of the total cost of the building which was then used by [petitioner] to secure financing from a local savings and loan institution. * * * Mr. Brookshire also made the one and only bid on the construction of the building. * * * The bid was on a cost plus 10 percent basis. * * * Kenneth Brookshire hired all of the workmen whose names appear

on the Employer's Quarterly Report of Employes Wages and Weeks of Work * * * who worked on the building. * * * Mr. Brookshire also ordered in his own name all of the supplies and materials that went into the construction of the building. * * * Neither [petitioner], nor any of the four dentists for whom the building was being erected were aware of or had any control over who Mr. Brookshire employed or where he secured supplies and materials. * * * There was no performance bond nor insurance of any sort required by [petitioner] of Kenneth Brookshire. * * * Although there was an agreed completion date for the building, no penalty was provided if Mr. Brookshire failed to meet it. * * * Mr. Brookshire could have left the job any time he wished as well as [petitioner] having the right to discharge him. * * * Upon completion of the building, Kenneth Brookshire turned over all of his books and records of account (including the payroll) to [petitioner]. * * * Although Kenneth Brookshire was not licensed by the State of Oregon Builders Board, it was not until after the beginning of construction of the building that such a license was required * * *."

Petitioner contends that Mr. Brookshire and the subcontractors were not employes of petitioner because their services came within the statutory exemption of ORS 657.040 which reads:

"Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the administrator that:

"(1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

"(2)(a) Such individual customarily is engaged in an independently established business of the

same nature as that involved in the contract of service; or

"(b) Such individual holds himself out as a contractor and employs one or more individuals to assist in the actual performance of services and who meets the following criteria shall be deemed to have an independently established business:

"(A) The individual customarily has two or more effective contracts.

"(B) The individual as a normal business practice utilizes separate telephone service, business cards and engages in such commercial advertising as is customary in operating similar businesses.

"(C) The individual is recognized by the Department of Revenue as an employer.

"(D) The individual furnishes substantially all of the equipment, tools and supplies necessary in carrying out his contractual obligations to his clients."

■ ■ ORS 657.040 places the burden of persuasion upon the party claiming that services performed are not employment. *Baker v. Cameron,* 240 Or 354, 401 P2d 691 (1965). Additionally, the word "employment" as used here does not incorporate the common law test for determining the master-servant relationship. Rather, "employment" is construed to include persons who may be independent contractors at common law but who do not fulfill the stricter exemption requirements set out. *Kirkpatrick v. Peet,* 247 Or 204, 428 P2d 405 (1967).

■ ORS 657.040 therefore requires two things as a prerequisite to exemption: First, it requires that the person performing the services be shown to be free from control of the employer. Second, it must be shown that either (1) the individual is customarily engaged in an independently established business of the

same nature as that involved in the contract of service, or (2) the individual fulfills the four criteria of ORS 657.040 (2)(b). *Barger v. Morgan,* 13 Or App 111, 507 P2d 821, Sup Ct *review denied* (1973).

■ Assuming, but not deciding, that the petitioner established that Mr. Brookshire was free from control of the petitioner and that the subcontractors were also free from control of the petitioner, the petitioner still had the burden of establishing that it had fulfilled the second requirement for exemption. At the hearing Mr. Brookshire testified as follows:

"Q Now Mr. Brookshire, did you have any experience as a general contractor?

"A Yes.

"Q And you built other edifices I imagine?

"A Apartment houses in Portland—several.

"Q And have you been licensed as a general contractor in the City of Portland?

"A Yes.

"* * * * *

"Q Are you currently registered with the Builders Board?

"A No.

"Q When is the last time you have done any construction work as a general contractor?

"A This was the last building in '72.

"Q And before that?

"A I built a group of apartment houses in Portland.

"Q And this was back when?

"A Oh, I—two or three years before this.

"Q Now you're registered with the Employment Division are you not?

"A Oh yes.

"Q   As an employer?

"A   Oh definitely.

"Q   And you do have some employees or employ—I don't know which—relating to your apartment houses in Portland do you not?

"A   Oh yes, I have managers and turn it all in."

Mr. Brookshire's testimony tended to establish that he had built apartment houses in Portland and that he manages those apartment houses. It did not establish that he was customarily engaged in an independently established business *of the same nature* as that involved in the construction of office buildings. Neither did it establish that Mr. Brookshire's construction activity constituted an enterprise that would survive the termination of his relationship with the petitioner which is one of the criteria for establishing an exemption. *Barger v. Morgan,* supra at 116-17. In fact, Mr. Brookshire's failure to register with the state Builders Board after the builders' registration law (ORS 701.005 et seq.) became effective in 1972 tends to support the conclusion that he did not intend to carry on general contracting work.

We conclude that petitioner failed to fulfill the requirements of ORS 657.040, which are a prerequisite to exemption from ORS ch 657, for Mr. Brookshire. In regard to the subcontractors on the building project, the only evidence presented by petitioner related to the issue of whether or not such subcontractors were subject to the control of petitioner. Thus, petitioner has failed to sustain its burden of showing that the subcontractors also fulfilled the exemption requirements of ORS 657.040 (2)(a) or (2)(b). Since the subcontractors were hired by Mr. Brookshire and since petitioner had failed to show that either the subcontractors or Mr. Brookshire fulfilled the exemption

requirements, both the subcontractors and Mr. Brookshire are deemed to be employes of petitioner for purposes of the Employment Division Law.

Petitioner additionally asserts that he has not been provided with a fair hearing before the hearing referee because the referee is employed by the Employment Division of the Department of Human Resources for the state of Oregon. This contention has been considered and determined adversely to petitioner's claim by this court in *Matthew v. Juras,* 16 Or App 524, 519 P2d 402, Sup Ct *review denied* (1974).

The decision of the referee is affirmed.