Argued July 25, reversed September 10, 1975

EUROPORAMA, INC., *Petitioner, v.*
EMPLOYMENT DIVISION, *Respondent.*

539 P2d 1157

432

*John E. Ferris,* Medford, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and THORNTON and LEE, Judges.

THORNTON, J.

Petitioner seeks judicial review of the findings and final order of an Employment Division referee affirming a deficiency assessment against petitioner for unpaid contributions to the Employment Division.

Petitioner contends that the persons involved, circus performers, were not employes because their services come within the statutory exemption of ORS 657.040.[1]

---

[1] ORS 657.040 provides:

"Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the administrator that:

"(1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

The facts are not in dispute. Petitioner is the producer of a circus without animals. Performances are presented during an eight-week period and the performances are comprised of 12 to 14 individual acts booked through agents or directly with the leader of the act. Each act is a separate unit supplying all of its own equipment, costumes, props and rigging. These acts perform for other circuses throughout the world when not performing for petitioner. Payment is made to the acts on a weekly basis with payment made to the leader who distributes it to the other members of the group pursuant to the group's own arrangement.

Written contracts entered into with each individual act require that each act cover all its overhead and expenses including hiring of employes, transportation, withholding taxes, etc. The acts also agree to pay all state and federal taxes.

■ Whether a person is an employe within the meaning of ORS 657.040 where the facts are undisputed

"(2)(a)  Such individual customarily is engaged in an independently established business of the same nature as that involved in the contract of service; or

"(b)  Such individual holds himself out as a contractor and employs one or more individuals to assist in the actual performance of services and who meets the following criteria shall be deemed to have an independently established business:

"(A)  The individual customarily has two or more effective contracts.

"(B)  The individual as a normal business practice utilizes separate telephone service, business cards and engages in such commercial advertising as is customary in operating similar businesses.

"(C)  The individual is recognized by the Department of Revenue as an employer.

"(D)  The individual furnishes substantially all of the equipment, tools and supplies necessary in carrying out his contractual obligations to his clients."

is one of law. *Barger v. Morgan,* 13 Or App 111, 507 P2d 821, Sup Ct *review denied* (1973); *Michelet v. Morgan,* 11 Or App 79, 501 P2d 984 (1972).

■ ORS 657.040 requires two prerequisites for exemption: proof that the individual (1) is free from control of the employer, and (2) is either (a) customarily engaged in an independently established business or (b) fulfills the four criteria of ORS 657.040(2)(b).[2] *Barger v. Morgan,* supra.

It is conceded by the parties, and it is clear from the record, that the performers are free from control of the employer, and, therefore, the first prerequisite of ORS 657.040 is met.

As to the second requirement of ORS 657.040, we first examine the record to determine whether the individual acts are customarily engaged in independently established businesses. The test we use in making this determination is set forth in *Baker v. Cameron,* 240 Or 354, 365, 401 P2d 691 (1965):

> " '* * * The double requirement, that the worker's occupation be "independently established" and that he be "customarily" engaged in it, clearly calls for an enterprise created and existing separate and apart from the relationship with the particular employer, an enterprise that will survive the termination of that relationship. * * *' Willcox, *The Coverage of Unemployment Compensation Laws,* 8 Vand L Rev 245, 264-265 (1955)."

*See also, Barger v. Morgan,* supra; *Michelet v. Morgan,* supra; *Kuhlman v. Morgan,* 9 Or App 184, 496 P2d 246 (1972).

From our review of the record we conclude that the referee erred in his decision that the performers

---

[2] See n 1, supra.

in question were not engaged in independently established businesses.

■ Applying the *Baker* test to the case at bar, we find that the acts in question fall within the exception created for individuals engaged in independently established businesses.

■ As we said in *Barger v. Morgan,* supra at 118, the crucial question is whether the performers were engaged in enterprises created and existing separate and apart from the relationship with the employer, and, in addition, whether the enterprises will survive the termination of that relationship. *See also, Michelet v. Morgan,* supra.

The enterprises were created without any aid or direction from petitioner. They are on-going operations providing all their own equipment and personnel, and created to perform for many different circus producers. It is also clear that the acts will survive the termination of the relationship with petitioner. Employment with other circuses will not be affected by such termination. The referee reasoned that because the acts had exclusively contracted with petitioner for a certain period, a termination of that agreement would bring an end to the enterprises. However, it is not necessary for an act to be performing for more than one producer at a time to come within the test. It is only natural that an exclusive performance contract would be required, and because the acts are completely self-contained they could go on to their next engagement or find another producer if the relationship with petitioner were terminated. Petitioner is only one of several producers for which the acts perform, and consequently the relationship between petitioner and the acts is not essential to the existence of the acts.

Reversed.