Submitted on record and briefs April 6, affirmed May 3, 1976

MT. JEFFERSON CARPETS, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, *Respondent.*
(No. 76-T-14, CA 5447)

MT. JEFFERSON CARPETS, INC., *Petitioner,*
*v.*
EMPLOYMENT DIVISION, *Respondent.*
(No. 76-T-7, CA 5446)

548 P2d 1354

Bernard F. Bednarz, Salem, filed the brief for petitioners.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

**FOLEY, J.**

In these consolidated cases petitioners were engaged in the business of selling carpets but contracted with others to lay the carpets for them. The respondent Employment Division determined that the carpet layers were employes of petitioners for whom contributions must be paid and that payroll taxes were properly assessed against petitioners. Petitioners contend that the carpet layers were independent contractors and exempt from contribution under ORS 657.040.[1]

The burden is on the petitioners to establish that an individual to whom compensation was paid falls within the exemption. *Kirkpatrick v. Peet,* 247 Or 204, 428 P2d 405 (1967); *Timberland Sales v. Employment Div.,* 20 Or App 192, 530 P2d 880, Sup Ct *review denied* (1975); *Barger v. Morgan,* 13 Or App 111, 507 P2d 821, Sup Ct *review denied* (1973). In order to do so, petitioners must show that the individual is free from petitioners' direction and control and "* * * that the individual is either [1] ' "customarily * * * engaged in an

[1] "Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the administrator that:

"(1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

"(2)(a) Such individual customarily is engaged in an independently established business of the same nature as that involved in the contract of service; or

(b) Such individual holds himself out as a contractor and employs one or more individuals to assist in the actual performance of services and who meets the following criteria shall be deemed to have an independently established business:

"(A) The individual customarily has two or more effective contracts.

"(B) The individual as a normal business practice utilizes separate telephone service, business cards and engages in such commercial advertising as is customary in operating similar businesses.

"(C) The individual is recognized by the Department of Revenue as an employer.

"(D) The individual furnishes substantially all of the equipment, tools and supplies necessary in carrying out his contractual obligations to his clients." ORS 657.040.

independently established business" ' *or* [2] 'the individual fulfills the four criteria [set forth in] ORS 657.040(2)(b).' * * *" *Employment Div. v. Edw. Hines Lbr.,* 19 Or App 866, 870, 529 P2d 934 (1974), Sup Ct *review denied* (1975); *Barger v. Morgan, supra,* 13 Or App at 114-15.

It is undisputed that the individuals were free from the direction and control of petitioners. It is also clear that the individuals did not meet the four criteria of ORS 657.040(2)(b) as none of them employed others to assist them in their carpet laying.

The remaining and decisive question is whether the individuals were customarily "engaged in an independently established business of the same nature as that involved in the contract of service." ORS 657.040(2)(a).

An individual's ability to survive the termination of his relationship with the person for whom he is performing the services is regarded as crucial in determining whether or not the individual is "customarily engaged in an independently established business." *Barger v. Morgan, supra; Kuhlman v. Morgan,* 9 Or App 184, 496 P2d 246 (1972); *Culp v. Peet,* 3 Or App 406, 474 P2d 13 (1970). The three individuals in question who did the carpet laying for petitioners testified. One testified that 90 percent of his jobs were with petitioners; another estimated that 80 percent of his contract work was with petitioners; the third testified that he worked almost exclusively on petitioners' jobs. Essentially, petitioners' carpet layers were dependent upon the petitioners' enterprise for the survival of their operations. In view of this dependency, these individuals cannot be found to be customarily engaged in independently established businesses. Although it may be the case that evidence could have been produced showing that these individuals would have been able to carry on "independent" businesses should their relationships with petitioners have been terminated,

no such evidence was produced at the hearing. As we said in *Timberland Sales v. Employment Div., supra:*

> "* * * Absent such a showing, the petitioner has failed to prove the dealers are customarily engaged in 'independently established' businesses of the same nature as that involved in their contract of service with petitioner. * * *" 20 Or App at 199.

Affirmed.