Submitted on record and briefs June 11, affirmed July 26, 1976

# JAMES D. BREWER LOGGING, *Petitioner,*
## *v.*
# EMPLOYMENT DIVISION, *Respondent.*
## (No. 76-T-11, CA 5732)
### 552 P2d 286

Bernard F. Bednarz, Salem, filed the brief for petitioner. Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and John W. Burgess, Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The sole issue is whether certain individuals were employes of petitioner, thus making petitioner liable for unemployment compensation taxes, or whether those individuals were instead independent contractors.

Petitioner was a logging company which had a contract to build logging roads onto a timber owner's land, fall and buck timber, and transport it to designated landing sites. Petitioner hired Thomas Mealue and Joel Clouse to do the falling and bucking for him. Mealue and Clouse furnished their own transportation and much of their own equipment, including chain saws. They also employed Ron Mealue, Thomas Mealue's son, as a helper.

Although Mealue and Clouse did not have a partnership agreement, they divided the proceeds of their work, which were deposited in a joint bank account, after deducting work expenses. They used no business cards, had no business phone and did not advertise their services.

During the time in question, Mealue and Clouse worked only for petitioner. Both before and after the time in question, Mealue worked for wages rather than as an independent contractor. Both before and after the time in question, Clouse filed claims for unemployment benefits.

■ The Employment Division Law generally defines employment as services for remuneration and makes an employer liable for taxes on compensation paid for those services unless the services are rendered by an independent contractor. ORS 657.040 and 657.505(2). The statutory test defining "independent contractors" set out in ORS 657.040 differs from and is more narrow than the common-law test.[1]

---

[1] In enacting ORS 657.040

"* * * the legislature did not intend to incorporate the common law test for determining the master-servant relationship. Rather, the

ORS 657.040 provides:

"Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the administrator that:

"(1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

"(2)(a) Such individual customarily is engaged in an independently established business of the same nature as that involved in the contract of service; or

"(b) Such individual holds himself out as a contractor and employs one or more individuals to assist in the actual performance of services and who meets the following criteria shall be deemed to have an independently established business:

"(A) The individual customarily has two or more effective contracts.

"(B) The individual as a normal business practice utilizes separate telephone service, business cards and engages in such commerical advertising as is customary in operating similar businesses.

"(C) The individual is recognized by the Department of Revenue as an employer.

"(D) The individual furnishes substantially all of the equipment, tools and supplies necessary in carrying out his contractual obligations to his clients."

██ As we have stated previously, there are two prerequisites to exemption under ORS 657.040:

"* * * First, it requires that the individual be shown to be free from control of the employer. * * * Second, it must be shown that either (1) the individual is 'customarily * * * engaged in an independently established business * * *' or (2) the individual fulfills the four

test is to be found by looking at the purpose of the Act. That purpose is served only if the Act is construed broadly enough to include persons who, although independent contractors according to the common law test, are peculiarly subjected to the hazard of unemployment because of the nature of their occupation." *Kirkpatrick v. Peet,* 247 Or 204, 212, 428 P2d 405 (1967).

criteria of ORS 657.040(2)(b)." *Barger v. Morgan,* 13 Or App 111, 114-15, 507 P2d 821, Sup Ct *review denied* (1973).

To prevail, it was necessary for petitioner to prove those prerequisites. In *Greater Port. Newcomers v. Morgan,* 14 Or App 333, 513 P2d 493 (1973), we stated:

> "An employer who seeks exemption from unemployment taxes under the Employment Division Law has the burden to prove that the employment in question falls within the terms of the particular exemption. * * * The applicable principle is 'that exempting statutes are strictly construed and exempt only what is strictly within their terms.' * * *." 14 Or App at 338.

■ ■ To decide whether Mealue and Clouse were "customarily * * * engaged in an independently established business," ORS 657.040(2)(a), we must consider the "evidence as a whole." *Unemployment Comp. Com. v. Bates,* 217 Or 121, 133, 341 P2d 119 (1959). Although some aspects of the relationship between petitioner and Mealue and Clouse indicate that the latter two were independent contractors, on the whole the evidence summarized above supports the referee's conclusion that they were not.[2] Mealue and Clouse may have hoped to establish an independent business, but they were not customarily engaged in one. Before and after their work for petitioner, they did not behave as independent entrepreneurs. This court has stated that the requirement of ORS 657.040(2)(a)

> " '* * * is not met if the continued existence of the enterprise depends upon its relationship with a particular employer. If there is such dependence, the person employed does not have the prospect of supporting himself in the pursuit of his occupation if the person employing him terminates the relationship. It was the

---

[2] An individual's furnishing of equipment was not sufficient to classify him as an independent contractor in either *Baker v. Cameron,* 240 Or 354, 401 P2d 691 (1965), or *Unemp. Compensation Com. v. Brown,* 225 Or 306, 309, 358 P2d 502 (1960). In *Rahoutis v. Unemployment Commission,* 171 Or 93, 101, 136 P2d 426 (1943), the court found an individual to be an employe despite the fact he provided his own transportation. Also, an individual's hiring of workers did not make him an independent contractor. *Petrol Stops Northwest v. Morgan,* 10 Or App 620, 624, 501 P2d 341 (1972).

purpose of the Unemployment Insurance Act to provide relief where there was this type of risk of unemployment.' " *Barger v. Morgan, supra,* 13 Or App at 117-18 (quoting from *Kirkpatrick v. Peet,* 247 Or 204, 428 P2d 405 (1967)).

■ We must also consider whether Mealue and Clouse were exempt by virtue of ORS 657.040(2)(b). A preliminary test and four separate criteria must *all* be met. To be deemed to have had an independently established business, Mealue and Clouse must have "customarily [had] two or more effective contracts." ORS 657.040(2)(b)(A). The record shows that this was not the case. Therefore, plaintiff failed to prove at least one of the criteria necessary under ORS 657.040(2)(b).

Since we find that the individuals in question fulfill neither of the alternative tests in ORS 657.040(2), it is not necessary to consider ORS 657.040(1).

■ Because Ron Mealue was an employe of Thomas Mealue and Clouse, he was also an employe of petitioner for whom unemployment taxes were payable. This result is dictated by ORS 657.025(2) which states:

> "Whenever any helper, assistant or employe of an employer engages any other person in the work which said helper, assistant or employe is doing for the employer, with the employer's actual, constructive or implied knowledge, such employer shall, for all purposes of this chapter, be deemed the employer of such other person, whether such person is paid by the said helper, assistant or employe, or by the employer. All persons employed by an employer in all of his several places of employment maintained within the state shall be treated as employed by a single employer for the purposes of this chapter."

Affirmed.