Argued July 27, affirmed September 13, reconsideration denied
November 11, petition for review denied December 14, 1976

TETON INDUSTRIES, INC., *Petitioner,*

*v.*

EMPLOYMENT DIVISION, *Respondent.*

(No. 75-T-65, CA 5857)

554 P2d 580

*Robert L. Fulkerson,* Portland, argued the cause for petitioner. With him on the brief were Cornilles & Banton, Portland.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

## FORT, J.

Petitioner's clients are apartment house owners requiring performance of various repair and maintenance services. Petitioner arranges for individuals to perform those services; it then bills its clients for the services and pays the laborers an agreed-upon percentage of either the set price for the job on petitioner's price list or an hourly wage.

In April 1975 the Employment Division determined that petitioner was an employer of the individuals performing services subject to the Employment Division Law, ORS ch 657, as of January 1, 1973, and assessed a tax delinquency for employment taxes due on its payroll since that date. A hearing was held, at which petitioner presented evidence as to the nature of its relationship with those individuals. Two such individuals, an electrical contractor and a janitor, were called as witnesses, and the parties stipulated that the testimony of numerous other such individuals would be substantially the same as that of the two called. The referee found that petitioner had not met its burden of proving that the individuals in question were entrepreneurs rather than its employes and affirmed the determination and assessment, making some other adjustments not here in issue in the amount of the tax due.

Petitioner assigns two errors on appeal. First, it alleges that the referee erroneously construed the criteria for the exemption granted by ORS 657.040 (2)(a). Second, it alleges that the specific findings of fact made by the referee are not supported by the evidence because he failed to take into account the stipulation of the parties.

ORS 657.040 provides:

"Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the administrator that:

"(1) Such individual has been and will continue to be

[ 727 ]

free from control or direction over the performance of such services, both under his contract of service and in fact; and

"(2) · (a) Such individual customarily is engaged in an independently established business of the same nature as that involved in the contract of service; or

"(b) Such individual holds himself out as a contractor and employs one or more individuals to assist in the actual performance of services and who meets the following criteria shall be deemed to have an independently established business:

"(A) The individual customarily has two or more effective contracts.

"(B) The individual as a normal business practice utilizes separate telephone service, business cards and engages in such commercial advertising as is customary in operating similar businesses.

"(C) The individual is recognized by the Department of Revenue as an employer.

"(D) The individual furnishes substantially all of the equipment, tools and supplies necessary in carrying out his contractual obligations to his clients."

Here it was clearly shown that the individuals in question performed services for which they were compensated by petitioner. Upon such a showing, the burden is upon the alleged employer to prove that an individual to whom it pays compensation falls within an exemption. *Mt. Jefferson Carpets v. Emp. Div.,* 25 Or App 375, 548 P2d 1354 (1976); *Kirkpatrick v. Peet,* 247 Or 204, 428 P2d 405 (1967); *Timberland Sales v. Employment Div.,* 20 Or App 192, 530 P2d 880, Sup Ct *review denied* (1975); *Culp v. Peet,* 3 Or App 406, 474 P2d 13 (1970).

To establish itself as exempt, petitioner must show that either subsections (1) and (2)(a) or (1) and (2)(b) of ORS 657.040 are met. Petitioner has shown that these individuals were free from its control in the performance of their work, and concedes that the specified criteria of ORS 657.040(2)(b) are not met. Thus, the question presented is whether petitioner has shown

that the individuals it employed for its clients meet the requirements of ORS 657.040(2)(a).

The Supreme Court has stated:

"* * * We understand [ORS 657.040(2)(a)] to mean that to exclude coverage it must be shown that the person engaged to perform services for another does so as an entrepreneur, i.e., where the enterprise calls for the investment of risk capital with the prospect of reaping returns or suffering a loss in the venture, the employment of others, and ordinarily the performance of service for more than one person. * * *

"It is to be noted that the statute requires the occupation to be both 'independently established' and 'customarily' engaged in. This requirement is not met if the continued existence of the enterprise depends upon its relationship with a particular employer. If there is such dependence, the person employed does not have the prospect of supporting himself in the pursuit of his occupation if the person employing him terminates the relationship. It was the purpose of the Unemployment Insurance Act to provide relief where there was this type of risk of unemployment." (Footnote omitted.) *Kirkpatrick v. Peet, supra,* 247 Or at 213-14.

In a footnote, the court elaborated on the characteristics of an independent contractor:

" "* * * The typical independent contractor has a separate establishment distinct from the premises of the person for whom the services are performed; he performs services under an agreement to complete a specific "job" or piece of work for a total remuneration or price agreed on in advance; at times and places and under conditions fixed by him, he offers his services to a public or customers of his own selection rather than a single person; neither he nor the person for whom the services are performed has the right to terminate the contract except for cause; he may delegate the performance of the services to helpers; he performs the services in or under his own name or trade name rather than in or under that of the person for whom the services are performed; the performance of the services supports or affects his own good will rather than that of the person for whom the services are performed; and he has a going business which

he may sell to another.' 12 Fed. Reg. 7966 (Nov. 27, 1947)." 247 Or at 214.

■ As recognized in *Kirkpatrick* as well as numerous other cases, independence is a critical element. *M/V Dare II Co. v. Emp. Div.,* 26 Or App 397, 552 P2d 846 (1976); *Timberland Sales v. Employment Div., supra; Mt. Jefferson Carpets v. Emp. Div., supra; Europorama v. Emp. Div.,* 22 Or App 431, 539 P2d 1157 (1975); *Barger v. Morgan,* 13 Or App 111, 507 P2d 821, Sup Ct *review denied* (1973).

In *Baker v. Cameron,* 240 Or 354, 401 P2d 691 (1965), the court said:

" '* * * The double requirement, that the worker's occupation be "independently established" and that he be "customarily" engaged in it, clearly calls for an enterprise created and existing separate and apart from the relationship with the particular employer, an enterprise that will survive the termination of that relationship. * * *' Willcox, *The Coverage of Unemployment Compensation Laws,* 8 Vand L Rev 245, 264-265 (1955).
'"* * * * *

" '* * * Most important for unemployment compensation are those factors—investment, good will, an independent clientele, and the like—which enable the worker to continue in business if he loses a particular customer, and which thus prevent that loss from rendering him unemployed. * * *' (Willcox, *supra,* at 265.)" 240 Or at 265-66.

■ The referee relied upon three of the criteria suggested in *Kirkpatrick,* namely: that "the enterprise calls for the investment of risk capital with the prospect of reaping returns or suffering a loss in the venture, the employment of others, and ordinarily the performance of service for more than one person." 247 Or at 213-14. While each of these must be considered, there are additional criteria discussed in the cases,[1] including

---

[1] There have been cases in which the Oregon courts have found the persons were employes despite the presence of some facts normally associated with independent contractors, for example:

(1) the individual's furnishing of equipment, *Baker v. Cameron,* 240 Or 354, 362, 401 P2d 691 (1965); *Unemp. Compensation Com. v. Brown,* 225 Or 306, 309, 358 P2d 502 (1960);

independence, which are also important. As seen in these cases, it is possible that in a particular case, failure to meet one criterion, or even several, might not act to render the individual in question an employe. Each situation must be examined individually, to determine which criteria are met, which are not, and to assess whether on balance it can fairly be said that the individual in question is "customarily * * * engaged in an independently established business * * *." ORS 657.040(2)(a).

■ Here the two individuals who did testify had invested risk capital because they furnished their own equipment. They thought of themselves as self-employed, and worked out of their own homes, using their own telephones and cars. They worked on an individual job basis and were free to refuse or to accept a job offered by petitioner. Before, during and after their relationship with petitioner, they performed, though not at the same time, similar services for others. However, *M/V Dare II Company* makes clear that mere ability to continue one's trade after termination of the relationship in question is not the sole test of independ-

(2) the individual's providing of transportation, *Rahoutis v. Unemployment Commission,* 171 Or 93, 101, 136 P2d 426 (1943);

(3) the individual's maintaining of an office, *Baker v. Cameron, supra,* 240 Or at 361;

(4) the individual's hiring of workers, *Petrol Stops Northwest v. Morgan,* 10 Or App 620, 624, 501 P2d 341 (1972);

(5) the presence of a written contract, *Journal Pub. Co. v. State U. C. Com.,* 175 Or 627, 631, 155 P2d 570 (1945); *Singer Sew. Mach. Co. v. State U.C.C.,* 167 Or 142, 147, 103 P2d 708, 116 P2d 744 (1940);

(6) the individual's assuming the loss, *Journal Pub. Co. v. State U. C. Com., supra,* 175 Or at 638;

(7) the individual's listing himself as self-employed on tax returns, *Unemp. Compensation Com. v. Brown, supra,* 225 Or at 308;

(8) the individual's considering himself self-employed, *Petrol Stops Northwest, supra,* 10 Or App at 624; *Unemp. Compensation Com. v. Brown, supra,* 225 Or at 308;

(9) the individual's having his own clientele, *Unemp. Compensation Com. v. Brown, supra,* 225 Or at 309; and

(10) the individual's being paid on commission, *Kirkpatrick v. Peet,* 247 Or 204, 208, 428 P2d 405 (1967).

ence. In that case, the sea captains had skills which were in great demand and so faced no chance of unemployment upon the termination of the relationship in question; even so, they were held not to be entrepreneurs because of the nature of their relationship with the alleged employer when it existed. Furthermore, here, neither individual had any employes, and neither felt he or she had a going business which could be sold. In their relationship with petitioner, the latter procured the job and handled all of its business aspects, except the doing of the actual work. The individual received his or her agreed compensation from petitioner, and looked solely to petitioner for it, and petitioner itself billed and collected from the client.

On balance we find that the referee's conclusion that the individuals in question are not entrepreneurs is supported by substantial evidence. We are therefore bound by it.

Because petitioner did not sustain its burden to show that the only two individuals it selected as witnesses from the many who worked for it were not employes, we need not reach the question of whether the referee took into account the stipulation of the parties that the testimony of other individuals receiving remuneration from petitioner would have been substantially the same as was theirs.

Affirmed.