Argued and submitted October 13, reversed and remanded with instructions
December 4, 1986

In the Matter of Notice of Tax Assessment
and Notice of Deficiency Assessment of
El Sid's Hair Fashion, Inc.

**EL SID'S HAIR FASHION, INC.,**
*Petitioner,*

*v.*

**EMPLOYMENT DIVISION,**
*Respondent.*

(85-T-033; CA A38587)

729 P2d 8

Douglas P. Cushing, Medford, argued the cause for petitioner. With him on the brief was Cushing & Haberlach, Medford.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Petitioner, an Oregon corporation licensed to operate a beauty shop, petitions for review of a referee's decision that affirmed an employment tax assessment. We reverse.

Petitioner claims to be only a lessor of space to individual operators. The referee's findings of fact include, *inter alia,* that the operators paid 25 percent of their daily gross incomes to petitioner, that petitioner furnished building utilities and insurance protection, that the operators shared cleaning, laundering and receptionist duties, and that petitioner maintained a supply of hair products and sold them at retail prices to the operators. Petitioner argues that the referee's conclusion that petitioner is an "employer" under ORS ch 657 does not follow from the facts found.

In a situation virtually identical to this, the Supreme Court held that there was an employment relationship. *Unemp. Compensation Com. v. Brown,* 225 Or 306, 358 P2d 502 (1960). By contrast, in *Golden Shear Barber Shop v. Morgan,* 258 Or 105, 481 P2d 624 (1971), the Supreme Court held that there was no employment relationship where a barber paid a flat rent for space, because the amount of business done by the lessee had no effect on the owner's income. 258 Or at 112. Here, the volume of business done directly affects the petitioner's income. It has a substantial interest in ensuring that a "lessee" produce income, as evidenced here by petitioner's requirement that operators be present during regular business hours. We therefore affirm the assessment, except for the manicurist, who paid a flat fee for the space she rented. The Division concedes that she should have been treated as an independent contractor.

Reversed and remanded with instructions to delete the manicurist from the assessment.