In the Matter of the
Tax Deficiency Assessment of
Shear Creations Salon of Hairstyling #2.

EMPLOYMENT DIVISION,
*Petitioner,*

*v.*

SHEAR CREATIONS
SALON OF HAIRSTYLING # 2,
*Respondent.*

(87-T-027-B; CA A47264)

764 P2d 941

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

The Employment Division (Division) seeks review from a referee's decision modifying a notice of tax assessment against applicant Shear Creations. We affirm.

Division agrees that the referee's findings of fact are supported by substantial evidence. He found that starting February 1, 1985, applicant and certain hair stylists (operators) signed an operator lease which provided that the operators would work when they chose and would pay $300 per month for rent, utilities, telephone, and some maintenance, unless they earned less than $1000, in which case they would pay 30% of their gross earnings. Applicant needed $300 from each operator each month to break even. Because the operators worked part-time and never earned over $1000, they always paid 30% of their earnings.

In addition, the operators would clean their own stations and share the towel washing, pay for their own insurance and advertising, and provide their own supplies and equipment. The operators worked almost exclusively on their own clientele, set up their own appointments, set their own fees, and had the right to work elsewhere.

A business must pay employment compensation tax if an individual provides "services for an employer" as defined in ORS 657.030 and if such services are not exempted under ORS 657.040. If an applicant is not an employer under ORS 657.030, no unemployment tax may be assessed, and we need not address ORS 657.040. *Golden Shear Barber Shop v. Morgan,* 258 Or 105, 111, 481 P2d 624 (1971).

The referee concluded that applicant was not an employer under ORS 657.030 and that, if applicant were an employer, it was exempt under ORS 657.040 because the operators were engaged in independently established businesses. Division disputes both of these conclusions.

Under ORS 657.030, only services performed for remuneration constitute employment. Division argues that applicant is an employer because of the contractual fee arrangements, citing *El Sid's Hair Fashion v. Employment Division,* 82 Or App 601, 792 P2d 8 (1986). In *El Sid's,* we

affirmed the referee's holding that an employment relationship existed under ORS 657.030 when hair styling operators paid 25% of their gross income for rent, utilities, and insurance, purchased hair products from the "lessor," shared cleaning, laundering and receptionist duties and were required to be present during regular business hours. We said:

> "Here, the volume of business done directly affects the petitioner's income. It has a substantial interest in ensuring that a 'lessee' produce income, as evidenced here by petitioner's requirement that operators be present during regular business hours." 82 Or App at 603.

In this case, the referee held that the circumstances were closer to those in *Golden Shear,* which the Supreme Court held involved a "space-sharing" arrangement, not employment. In *Golden Shear* the referee found that the amount of business done by the barber made no difference to the "lessor" because the barber paid a flat fee for rent, equipment, and utilities, kept his own hours, made his own appointments, and served his own customers.

The referee in this case concluded:

> "The applicant did not have that substantial interest here. Its income increased with the earnings of the contractors only to the break-even point. It did not force the contractors to work more hours to increase their income. If they made more than $1000 a month, the applicant's income would be a flat rate. The percentage payment was to the advantage of the contractors, not the applicant, because it allowed them to work part-time. The applicant had no interest in the percentage payments as did the employer in *El Sid's.*"

Under the arrangement in this case applicant's right to receive payment was limited to a maximum of $300. Whether less was paid was within the exclusive control of the operators, who could elect to work as few hours as they wished, in which case applicant would receive only 30% of the operators' actual earnings. On this record, the referee could conclude that the operator provided no services to applicant for remuneration and that applicant was not an employer.

Affirmed.