Argued and submitted April 21, reversed and remanded for reconsideration
December 8, 1993

**EMPLOYMENT DIVISION,**
*Petitioner,*

*v.*

**Robert M. PEDDICORD
and LFC Nationwide,**
*Respondents.*

(92-AB-1748; CA A77003)

865 P2d 384

Robert M. Atkinson, Assistant Attorney General, argued the cause for petitioner. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance for respondents.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

**DEITS, P. J.**

Employment Division (Division) petitions for review of an order of the Employment Appeals Board (EAB) reversing the referee's decision and awarding claimant unemployment compensation. EAB concluded that, under ORS 657.040, claimant earned sufficient wages in the base year to establish a valid claim for benefits. We review for errors of law, ORS 183.482(8)(a), and reverse.

To establish a claim for unemployment compensation, ORS 657.150(2) provides that

"an individual must have worked 18 or more weeks in subject employment in the base year with total base year wages of $1,000 or more."

ORS 657.105(1) provides that " 'wages' means all remuneration for employment." "Employment" is defined in ORS 657.030(1):

"As used in this chapter, unless the context requires otherwise, and subject to ORS 657.035, 657.040 and 657.045 to 657.094, or any other section which excludes services from the term 'employment,' 'employment' means service for an employer, * * * performed for remuneration or under any contract of hire, written or oral, express or implied."

"Employer" is defined in ORS 657.025(1):

"As used in this chapter, unless the context requires otherwise, 'employer' means any employing unit which employs one or more individuals in an employment subject to this chapter in each of 18 separate weeks during any calendar year, or in which its total payroll during any calendar quarter amounts to $225 or more."

The facts are undisputed. For 26 weeks of the base year, claimant was an employee of Illinois Valley Printing and received $998.09 in wages. Also during the base year, claimant occasionally worked as a building inspector for LFC Nationwide, earning $105.75. The question presented is whether the earnings from LFC Nationwide may be included in calculating claimant's total wages for the base year. If those earnings are not considered, claimant does not satisfy the $1,000 minimum necessary to qualify for benefits.

EAB, relying on the language of ORS 657.150(2), framed the issue as whether the $105.75 constituted wages

earned in "subject employment." It then looked to ORS 657.040(1), which provides:

> "Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the assistant director that:
>
> "(a)  Such individual is an independent contractor, as that term is defined in ORS 670.600; or
>
> "(b)  Such individual has been and will continue to be free from control or direction over the performance of such services, both under a contract of service and in fact; and
>
> "(c)  Such individual customarily is engaged in an independently established business of the same nature as that involved in the contract of service."

EAB found that claimant did not perform services for LFC Nationwide as either an independent contractor or as an independently established business and that, therefore, "the presumption of subject employment" was not overcome. It concluded that the $105.75 earned at LFC Nationwide was wages because it was earned in subject employment, thus qualifying claimant for benefits.

Division argues that EAB erred in interpreting ORS 657.040 as creating a presumption that services performed for remuneration are employment for purposes of determining unemployment benefits, unless it is shown that the person performing the services comes within the exemptions set out in ORS 657.040(1)(a) to (c). We agree that EAB's interpretation was incorrect. ORS 657.030(1) clearly provides that there is "employment" for purposes of the unemployment compensation law only if services are performed for an "employer," as that term is defined in ORS 657.025(1). Thus, the first question that must be answered in determining eligibility for benefits is whether LFC Nationwide was an "employer." ORS 657.040 is simply an exclusion from the definition of employment.

Our reading of these statutes is consistent with the court's decisions involving the same provisions as they pertain to employer liability for unemployment compensation taxes. In *Golden Shear Barber Shop v. Morgan*, 258 Or 105, 481 P2d 624 (1971), the Supreme Court restated the analysis

for determining whether an employment relationship exists under the unemployment insurance laws. The court cited several of its earlier decisions in which it recognized that, under the statutory definitions quoted above,

> "only services performed for an employer for remuneration can constitute employment. Until these elements are established, the question of 'control' under [*former*] ORS 657.040(1) need not be reached."[1] *Golden Shear Barber Shop v. Morgan, supra*, 258 Or at 111.

In unemployment compensation tax cases, we have followed the *Golden Shear* rule that, unless an employment relationship exists as defined in ORS 657.030(1), we need not consider the exemptions cited therein. *See North Pacific Supply Co., Inc. v. Emp. Div.*, 100 Or App 553, 787 P2d 495, *rev den* 310 Or 121 (1990); *Employment Division v. Shear Creations Salon*, 94 Or App 107, 764 P2d 941 (1988); *Petrol Stops Northwest v. Morgan*, 10 Or App 620, 501 P2d 341 (1972); *see also DeRoos v. Employment Division*, 65 Or App 578, 672 P2d 63 (1983) (determining claimant's eligibility for benefits).

To qualify for benefits, then, claimant must have at least $1,000 in earnings from *employment*, as that term is defined in ORS 657.030(1). The referee specifically found that LFC Nationwide was not an employer under ORS 657.025(1) and thus concluded that LFC Nationwide did not have an employment relationship with claimant. EAB rejected the referee's finding, but did not directly address LFC Nationwide's status as an employer.[2] Because claimant's eligibility for benefits depends on whether an employment relationship existed between him and LFC Nationwide, we remand to EAB to determine whether LFC Nationwide satisfies either of the two criteria for employer status, as set out in ORS 657.025(1). If LFC Nationwide is not an employer, the earnings claimant

---

[1] ORS 657.040 was amended and the subdivisions renumbered by Oregon Laws 1989, chapter 870, section 14. For purposes of this analysis, the amendment did not affect the substance of the statute.

[2] On reconsideration, EAB let stand its earlier decision and stated:

"Because an analysis of subject employment pursuant to ORS 657.040 does not refer us to the general definition of employment and ORS 657.030 specifically excludes ORS 657.040 in its definition, *we do not reach the issue of whether claimant performed work for an employer* when we determine whether claimant performed subject employment pursuant to ORS 657.150(2)." (Emphasis supplied.)

received are not wages from employment and cannot be considered in determining claimant's eligibility for unemployment compensation benefits. We recognize that if claimant's LFC Nationwide earnings are excluded from his total wages, his failure to qualify for benefits will turn on less than two dollars. However, in the construction of a statute, we are limited by its terms. We may not omit what has been inserted or insert what has been omitted. ORS 174.010.

Reversed and remanded for reconsideration.