Argued and submitted January 24, reversed and remanded for reconsideration August 8, 2012

MAY TRUCKING COMPANY,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and William Hames,
*Respondents.*

Employment Appeals Board
09AB1904, 10AB0690;
A142901

284 P3d 553

Gordon T. Carey, Jr., argued the cause and filed the reply for petitioner. With him on the opening brief was Christopher J. Simons.

Judy C. Lucas, Assistant Attorney General, argued the cause for respondent Employment Department. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

No appearance for respondent William Hames.

Before Ortega, Presiding Judge, and Brewer, Judge, and Sercombe, Judge.

BREWER, J.

**BREWER, J.**

Employer May Trucking Company petitions for judicial review of an order of the Employment Appeals Board (EAB) determining that claimant is eligible for unemployment benefits. Employer contends that claimant is not eligible for unemployment benefits because the services that he performed for employer fall within an exemption for "for-hire carriers" under ORS 657.047(1)(b). The facts are not in dispute; the parties' arguments concern whether EAB correctly interpreted and applied the pertinent statutes and related administrative rules. Accordingly, our review of that question is for errors of law. ORS 657.282; ORS 183.482(8)(a). For the reasons set out below, we reverse and remand for reconsideration.

Claimant was employed as a long-haul truck driver for employer beginning in 2007. In February 2008, claimant and employer executed a lease agreement and an "independent contractor agreement" pursuant to which claimant leased from employer a truck with employer's business logo on it, leased the truck back to employer, and then used the truck only to haul goods for employer. Claimant's actual duties were essentially identical both before and after the agreement was executed. Claimant's wife subsequently became seriously ill and moved to a nursing facility. As a consequence, claimant became solely responsible for the care of their 13-year-old child, which precluded him from continuing to do long-haul trucking. He sought short-haul jobs from employer, which did not have any such work available. Claimant then resigned from his work as a long-haul trucker in order to care for the child, and he applied for unemployment benefits. The Employment Department determined, and EAB ultimately agreed, that claimant was entitled to unemployment benefits and that he was not disqualified on the ground that he had left work for good cause.

Employer does not challenge the determination that claimant left work for good cause. Rather, employer asserts that ORS 657.047(1)(b) precludes an award of employment benefits in this case because it is a "for-hire carrier" and claimant was a "person that leases their equipment to a for-hire carrier and that personally operates, furnishes and

maintains the equipment and provides service thereto." ORS 657.047 provides in part:

"(1) As used in this chapter, 'employment' does not include:

"* * * * *

"(b) Transportation performed by motor vehicle for a for-hire carrier by any person that leases their equipment to a for-hire carrier and that personally operates, furnishes and maintains the equipment and provides service thereto.

"(2) For the purposes of this chapter, services performed in the operation of a motor vehicle specified in subsection (1) of this section shall be deemed to be performed for the person furnishing and maintaining the motor vehicle.

"(3) As used in this section 'for-hire carrier' has the meaning given that term in ORS 825.005."[1]

EAB rejected employer's argument that ORS 657.047 precluded an award of unemployment benefits. In particular, EAB relied on OAR 471-030-0038(1)(a) (12/19/04), which provides:

"As used in ORS 657.176(2)(a), (b) and (c) and sections (1) through (5) of this rule the term 'work' means the continuing relationship between an employer and an employee. An employment relationship exists even in circumstances where the work performed is not subject employment as set forth in ORS Chapter 657. This section does not apply where no employment relationship exists because the worker is an independent contractor or operating an independently established business."

EAB reasoned that the fact that employer is a "for-hire carrier" under ORS 657.047 was not dispositive of whether claimant had performed "work" for employer and thus was

---

[1] ORS 825.005(7) provides that "for-hire carrier" means:

"(a) Any person who transports persons or property for hire or who publicly purports to be willing to transport persons or property for hire by motor vehicle; or (b) Any person who leases, rents or otherwise provides a motor vehicle to the public and who in connection therewith in the regular course of business provides, procures or arranges for, directly, indirectly or by course of dealing, a driver or operator therefor."

not disqualified from unemployment benefits under ORS 657.176.[2]

Employer argues on judicial review that EAB misconstrued ORS 657.047 and related statutes. The Employment Department responds that EAB correctly interpreted and applied ORS 657.176 and OAR 471-030-0038, and that ORS 657.047 is not pertinent here.

In interpreting a statute, our task is to determine the legislature's intent by examining the text of the statute in context, as well as, if necessary, legislative history and applicable canons of statutory construction. *State v. Gaines,* 346 Or 160, 171-72, 206 P3d 1042 (2009). We turn first to the basic statutory definitions and provisions in ORS chapter 657, which pertains to unemployment insurance. ORS 657.015 defines "employee" as any person "employed for remuneration or under any contract of hire, written or oral, express or implied, by an *employer subject to this chapter* in an *employment subject to this chapter*." (Emphasis added.) "Employer," in turn, is defined as "any employing unit which employs one or more individuals in an *employment subject to this chapter*." ORS 657.025 (emphasis added). And "employment" is defined as "service for an employer * * * performed for remuneration or under any contract of hire, written or oral, express or implied," subject to numerous exceptions. ORS 657.030(1).

ORS 657.040(1) provides:

"Services performed by an individual for remuneration are deemed to be employment subject to this chapter, unless and until it is shown to the satisfaction of the Director of the Employment Department that the individual is an independent contractor, as that term is defined in ORS 670.600."

ORS 657.043 through 657.094 contain numerous exceptions, indicating that "employment" for purposes of ORS chapter 657 does not include, for example, certain agricultural

---

[2] EAB specifically concluded, and employer does not dispute on judicial review, that claimant did not qualify as an "independent contractor" under the pertinent statutory definitions.

employment, some types of domestic and child care work, product demonstrators, officials at sporting events, and numerous other things—among them, the "for-hire carrier" provision at issue in this case, ORS 657.047.

ORS 657.155(1)(f) makes an "unemployed individual" eligible to receive unemployment benefits if "[t]he individual is qualified for benefits under ORS 657.150." ORS 657.150 indicates that benefits are to be determined by "taking into account the individual's work in *subject employment* in the base year," and it specifies a minimum amount of wages earned or hours worked in "subject employment" and a formula for determining base year wages. (Emphasis added.) Under ORS 657.176, an individual may be disqualified from the receipt of benefits if the department determines that the individual was discharged or suspended for misconduct, voluntarily left work without good cause, or for various other reasons.

According to employer, those provisions, when construed together, indicate that an individual may be entitled to receive unemployment compensation if he or she was an "employee" as defined in ORS 657.015, that is, the individual must be employed "by an employer subject to this chapter in an employment subject to this chapter." Employer reasons that, because ORS 657.047(1)(b) exempts from the definition of "employment" transportation performed by a person such as claimant who leases his equipment to a for-hire carrier and personally operates it, claimant was not engaged in "employment subject to this chapter" as required by ORS 657.015. It follows, employer urges, that, regardless of whether ORS 657.176 disqualifies claimant from receiving benefits, he is ineligible to receive benefits because he is not otherwise qualified to receive them.

The department asserts that EAB correctly concluded that a determination of whether an individual is disqualified from receiving benefits under ORS 657.176 has nothing to do with whether that person is an "employee" under ORS 657.015, was engaged in subject "employment" under ORS 657.030, or fell within one of the numerous exceptions listed in ORS 657.040 to 657.094. The department notes that both the definitions of "employee" and "employer" apply to the chapter "unless the context

requires otherwise," ORS 657.015(1); ORS 657.025(1), and that the context here indicates that an individual may not be denied unemployment benefits under ORS 657.176 based on the application of those definitions. In particular, the department notes that ORS 657.176 does not refer to "employees" who have left "employment" but, rather, requires the department to determine "whether an *individual* is subject to a disqualification as a result of a separation, termination, leaving, resignation, or disciplinary suspension from *work*." (Emphasis added.) Consistently with its understanding that the provision in ORS 657.176 for disqualification from employment benefits is not limited by the statutory definitions of "employer" and "employee," the department has promulgated OAR 471-030-0038(1)(a). That rule provides, as noted above, that, for purposes of ORS 657.176, an "employment relationship exists even in circumstances where the work performed is not subject employment as set forth in ORS Chapter 657," unless the claimant qualifies as an independent contractor.

The problem that we perceive with the department's position is that it treats ORS 657.176 as the only statute that governs the determination whether a person is eligible to receive unemployment benefits. Viewing the statutory framework as a whole, we reach a contrary conclusion. Under ORS 657.155, an individual seeking unemployment benefits must be qualified under ORS 657.150, which, in turn, requires the individual to have performed the requisite amount of work in "subject employment." Moreover, when the department receives a claim for unemployment benefits, it does not merely apply ORS 657.176 to determine whether the claimant is eligible. Rather, it makes an initial determination of eligibility pursuant to ORS 657.266(1) by determining "the total amount of wages paid to the claimant during the base year and whether or not such amount is sufficient to qualify the claimant for benefits[.]" *See also* ORS 657.267(1) ("If the claim is denied, the written notice must include a statement of the reasons for denial, and if the claim is denied under any provision of ORS 657.176, the notice must also set forth specific material facts[.]").

Thus, contrary to the department's position, a determination of eligibility for benefits cannot be made

solely by reference to whether an "individual" has performed "work" for purposes of ORS 657.176; such a determination also requires consideration of the "individual's work *in subject employment*." ORS 657.150 (emphasis added). That, in turn, means that the definition of employment in ORS 657.030, as well as the *exclusions* from that definition in ORS 657.040 to 657.094, must be considered in determining whether the individual is eligible for benefits.

Our conclusion comports with our previous decision in *Employment Div. v. Peddicord*, 125 Or App 113, 865 P2d 384 (1993). In *Peddicord*, the issue was whether the claimant was ineligible to collect unemployment benefits because he had earned insufficient wages during the base year. The claimant had earned more than $900 in employment with an employer, and the question was whether an additional $105 that he had received as a building inspector from LFC Nationwide could be included to "satisfy the $1,000 minimum [base year wages] necessary to qualify for benefits." *Id.* at 115. EAB included the $105, noting that, with respect to the services that the claimant had provided to LFC, he was not an "independent contractor" for purposes of ORS 657.040; EAB did not address whether LFC Nationwide was an "employer." *Id.* at 116. We disagreed with that approach:

> "ORS 657.030(1) clearly provides that there is 'employment' for purposes of the unemployment compensation law only if services are performed for an 'employer,' as that term is defined in ORS 657.025(1). Thus, the first question that must be answered in determining eligibility for benefits is whether LFC Nationwide was an 'employer.' ORS 657.040 is simply an exclusion from the definition of employment."

*Id.*

Although the precise issue in *Peddicord* differed from the one here, the rationale of our decision there applies equally to this case. In order to determine whether a claimant is eligible to receive unemployment benefits, it is necessary to determine whether the claimant engaged in subject "employment" for an "employer," as those terms are defined in ORS chapter 657. In *Peddicord*, the dispositive issue was whether LFC Nationwide was an "employer." Here, in contrast, the parties implicitly acknowledge that employer

is, in fact, an employer for purposes of ORS chapter 657, and employer asserts that it qualifies as a "for-hire carrier" under ORS 825.005(7). Thus, the dispositive issue here is whether claimant's services for employer are excluded from "employment" under ORS 657.047(1)(b) because he performed those services for a "for-hire carrier" and he is a "person that leases [his] equipment to a for-hire carrier and * * * personally operates, furnishes and maintains the equipment[.]" That question must be resolved in order to determine whether claimant is *qualified* for benefits under ORS 657.155 and ORS 657.150. ORS 657.176, by contrast, concerns only whether a claimant is *disqualified* from receiving benefits due to discharge for misconduct, or for having left work, for example, without good cause.

EAB's methodology in this case is inconsistent with the foregoing understanding about how the statutes work together. In its initial decision, EAB stated:

"The employer argued that claimant did not work for the employer as an employee after February 8, 2009 because, under ORS 657.047(1)(b), he was no longer engaged in 'employment.' However, the issue in this case is whether claimant is disqualified from the receipt of benefits under ORS 657.176(2)(c) because he quit 'work' without good cause. As used in ORS 657.176(2)(c), the term 'work' means the continuing relationship between an employer and an employee. OAR 471-030-0038(1)(a) (December 19, 2004). An employment relationship exists even in circumstances where the work performed is not subject employment as set forth in ORS chapter 657. *Id.* OAR 471-030-0038(1)(a) does not apply where no employment relationship exists because the worker is an independent contractor or operating an independently established business. *Id.* Therefore, to determine whether an employment relationship existed for purposes of ORS 657.176(2)(c), the relevant inquiry is into whether claimant was an independent contractor, and not whether, under ORS 657.047(1)(b), he was engaged in employment."

On reconsideration, EAB readopted its earlier decision and further explained that it interpreted the provision in OAR 471-030-0038(1)(a) that an "employment relationship exists even in circumstances where the work performed is not subject employment as set forth in ORS

chapter 657" to mean that "even a separation from non-subject employment can be disqualifying." EAB also opined, in the first instance on reconsideration, that employer's contention that ORS 657.047 was at issue in this case was

> "nothing more than a collateral attack on the Department's initial or amended determination of February 2009 that claimant has a valid claim for benefits. The Department was obligated by statute to give May Trucking, as a base year employer, notice and an opportunity to be heard on its monetary determination. If May Trucking wanted to have the wages it paid claimant during his base year subtracted from claimant's wage credits, and have claimant's claim declared non-valid on the ground that the credits were earned in non-subject employment, it could have (and might have) attempted to do so in response to the Department's notice."

In response to the order on reconsideration, employer supplemented the record with documentation that it had, in fact, made such a challenge. The department thereafter asserted that the only issue in *this* case is whether claimant was disqualified for benefits under ORS 657.176, and not "whether claimant had a valid claim for benefits under ORS 657.266(1)." It is not clear whether the department meant to posit that, as a matter of law, employer is precluded from raising the issue concerning claimant's "qualification" (as opposed to "disqualification") for benefits because the type of hearing held in this case simply does not apply to that issue, or whether the department meant to assert that, as a matter of procedural history, that issue was not adequately raised in this proceeding.

To the extent that the department meant to assert that the issue was not raised, we disagree. The department's initial determination in this case indicated not only that claimant voluntarily left work for good cause—an issue clearly covered by ORS 657.176—but it also indicated that claimant was "employed" by employer on certain dates, and it concluded that "benefits are allowed." That is, the initial determination encompassed not only a determination that claimant was not "disqualified" under ORS 657.176, but also that he had been "employed" by employer and was "qualified" to receive benefits. Employer sought review of

that decision, raising only two issues: whether claimant's services for employer were excluded from the definition of "employment" under the "for-hire carrier" provision ORS 657.047(1), and whether claimant was an independent contractor so that his services for employer were excluded from the definition of employment under ORS 657.040. Employer did not challenge the determination under ORS 657.176 concerning whether claimant had "good cause" for voluntarily leaving work.

Additionally, evidence was adduced at the hearing that the department not only had determined that claimant was not disqualified from receiving benefits under ORS 657.176, but also that it had determined that claimant and employer had an employment relationship under chapter 657, that claimant had earned sufficient base wages from employer to qualify for benefits, and that "claimant does not pass the for hire carrier rules under ORS 657.047." In sum, the pertinent issue was not only raised by employer, but it clearly was encompassed in the underlying decision that the Department made in this case.

Thus, we are left to understand that the department meant to assert, as a matter of law, that the application of ORS 657.047 cannot be raised in this type of hearing but, instead, must be litigated in a different proceeding. The department cites no authority for that proposition, and our review of the pertinent statutes leads us to conclude otherwise. Under ORS 657.266, the department must, promptly on receipt of a claim for benefits, "determine the total amount of wages paid to the claimant during the base year and whether or not such amount is sufficient to qualify the claimant for benefits," and give the employer notice of *potential* charges to the employer's account. Under ORS 657.267, the department must "make a decision to allow or deny the claim." That statute provides, in part, that, "if the claim is denied, the written notice must include a statement of the reasons for denial, and if the claim is denied under any provision of ORS 657.176," the notice must include other specified materials. ORS 657.267(1). That is, ORS 657.267 contemplates that benefits may be denied under ORS 657.176 *or* for other reasons. ORS 657.270(1) indicates

that, "[w]hen a request for hearing upon *the claim* has been filed, as provided in ORS 657.266 to 657.269," a hearing must be held. (Emphasis added.) ORS 657.270(4) provides:

> "[T]he administrative law judge shall promptly affirm, modify or set aside the decision of the authorized representative with respect to *the claim.* * * * The administrative law judge may address issues raised by evidence in the record, *including but not limited to the nature of the separation* and continued claims filed subsequent to the issuance of a decision under ORS 657.267, notwithstanding the scope of the issues raised by the parties or the arguments in the party's request for hearing."

(Emphasis added.)

Those statutes do not require the type of bifurcated proceedings that the department appears to envision. That is, ORS 657.270 did not require employer to request a hearing with respect to an allowance of benefits pursuant to ORS 657.267 and then request a separate hearing to challenge the notice of potential charges that it received pursuant to ORS 657.266, and litigate the identical issue in two proceedings.[3] ORS 657.270 makes various references to "the claim," and both the determination made under ORS 657.267 and the notice of potential charges made under ORS 657.266 relate to the single "claim." Moreover, as the emphasized statutory text in ORS 657.270(4) demonstrates, the issues raised at the hearing are not limited to the nature of the separation.

In sum, EAB reasoned in this proceeding that (1) claimant's entitlement to benefits could be determined solely by reference to ORS 657.176 and OAR 471-030-0038(1)(a), and (2) employer was precluded from raising the issue of whether claimant's services to it were excluded from the definition of "employment" under ORS 657.047 and, thus, claimant was ineligible for benefits. EAB was

---

[3] We note that the record indicates that employer did challenge the notice of potential charges issued pursuant to ORS 657.266, that no issue as to the timeliness of that notice under ORS 657.266(5) is presented here, and that employer clearly flagged the issue at the hearing. We express no opinion as to whether there are situations in which separate hearings to address issues raised under ORS 657.266 and ORS 657.267 might be appropriate concerning the same claim. We simply note that nothing in ORS 657.270 requires such a result.

incorrect in both respects. As explained above, ORS 657.176 and OAR 471-030-0038(1)(a) pertain to *disqualification* from benefits in some circumstances.[4] They do not, however, provide a basis for determining whether a claimant otherwise is *qualified* for benefits. That determination is made by reference to ORS 657.155 and ORS 657.150, which require a determination of the amount of work that the claimant performed in "employment" as defined in ORS chapter 657, which, in turn, means that the exclusions from "employment" set out in ORS 657.040 through 657.094 must be considered. Employer raised the issue of whether claimant was qualified to receive benefits—as opposed to the issue of whether he was disqualified from receiving benefits under ORS 657.176—and evidence was adduced at the hearing concerning whether claimant was qualified for benefits. EAB, however, did not rule on the pertinent legal question, because it erred in concluding that only ORS 657.176 was at issue. Accordingly, we must remand to EAB for reconsideration of the issue whether claimant is qualified for benefits in light of the provisions of ORS 657.047.

Reversed and remanded for reconsideration.

---

[4] The department notes that employer has not specifically challenged the validity of OAR 471-030-0038(1) in this case. To the extent that the department suggests that employer was required to do so in order to prevail in this case, we disagree. That rule, by its own terms, provides definitions pertinent to disqualifications under ORS 657.176. As noted above, employer has never asserted that claimant is disqualified under ORS 657.176. Thus, we have no occasion to directly address the validity of that rule here.