Submitted September 11, affirmed December 19, 2012

3P DELIVERY, INC.,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Brian J. Newrones,
*Respondents.*

Employment Appeals Board
09AB0090, 10AB0666; A141256

296 P3d 526

John A. Anderson, and Steven A. Pletcher, Indiana, filed the briefs for petitioner.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Judy C. Lucas, Senior Assistant Attorney General, filed the brief for respondent Employment Department.

No appearance for respondent Brian J. Newrones.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

3P Delivery, Inc. (3PD) seeks review of an order of the Employment Appeals Board (EAB) concluding that claimant Brian Newrones is not disqualified from receiving unemployment benefits under ORS 657.176. 3PD contends that claimant is not for benefits because claimant's services were excluded from employment under ORS 657.047, the "for-hire" carrier exemption. We affirm EAB's order.

The facts are not disputed and we rely on EAB's findings of fact and the record. 3PD is a third-party delivery service; in Oregon, 3PD only provides delivery services for The Home Depot. In 2005, claimant applied for work with 3PD and was hired after completing a written job application that inquired into claimant's driving history for the past three years. In 2006, 3PD informed all delivery drivers that it would only use drivers who operated as either a corporation or limited liability company (LLC). As required, claimant formed an LLC and continued to deliver for 3PD. In late 2007, The Home Depot tightened the background checks for drivers who delivered for The Home Depot. In January 2008, 3PD notified its drivers that they were required to pass the additional background checks. Claimant did not satisfy the additional background requirements, and 3PD terminated claimant's contract, effective January 31, 2008.

Claimant filed a claim for unemployment benefits. An administrative decision by the Employment Department determined that claimant was not disqualified from receiving benefits. 3PD requested a hearing before an administrative law judge (ALJ). The ALJ affirmed the decision granting benefits. 3PD requested review by EAB, which affirmed the ALJ, and then 3PD filed this petition for judicial review.

Meanwhile, in September 2008, the Employment Department issued 3PD a Notice of Tax Assessment for 2006 and 2007, alleging that 3PD owed over $15,000 in taxes. 3PD requested a hearing, and that hearing occurred in January 2010. For 3PD, the primary issue at the hearing was whether the delivery drivers were exempt from the

definition of employment under ORS 657.047[1] for purposes of payroll tax assessments. The ALJ affirmed the notice, and 3PD filed a petition for judicial review. Today, this court affirms the notice of tax assessment and, in doing so, rejects 3PD's argument that ORS 657.047 exempts from the definition of employment its delivery drivers, under the exemption for drivers who lease their equipment to a for-hire carrier. *3P Delivery, Inc. v. Employment Dept. Tax Section*, 254 Or App 180, 295 P3d 83 (2012).

On review, 3PD does not challenge EAB's determination that claimant was not disqualified from receiving benefits under ORS 657.176 because he was not discharged for misconduct and was not an independent contractor. Rather, 3PD contends in its first assignment of error that claimant was not for benefits because he was not engaged in subject employment. In 3PD's view, claimant's services were exempt from employment under ORS 657.047. It contends that EAB erred in not resolving that question and in concluding instead that, assuming that the exemption of ORS 657.047 applied, it would not be dispositive of claimant's claim.

In its second assignment of error, 3PD asserts that EAB erred in concluding that 3PD had proper notice of the Employment Department's initial determination under ORS 657.266(1), as well as an opportunity to fully litigate the applicability of the exemption.

Finally, 3PD contends in its third assignment that EAB erred in determining that 3PD was precluded in this case from litigating the ORS 657.047 exemption issue because that issue had previously been resolved against 3PD in an order of the department in *3P Delivery, Inc. v. Employment Dept. Tax Section*.

We first address 3PD's third assignment of error. The state concedes that 3PD is correct that EAB erred

---

[1] ORS 657.047(1)(b) provides that employment does not include:

"Transportation performed by motor vehicle for a for-hire carrier by any person that leases their equipment to a for-hire carrier and that personally operates, furnishes and maintains the equipment and provides service thereto."

in determining that the department's order in the tax assessment case precluded 3PD from contending in this benefit case that services provided by claimant during the relevant period were exempt from employment under ORS 657.047. At the time of the hearing in this case, the department's order in the tax case had not yet become final, and it is still not final. Accordingly, it was not preclusive of 3PD's contentions in this case. We move on to consider 3PD's remaining assignments.

Claimant's employment with 3PD began in August 2005 and terminated effective January 31, 2008. Thus, it both preceded and extended beyond the audit period at issue in the tax case. In its first assignment, 3PD asserts that EAB erred in determining that the question of the exemption under ORS 657.047 is not dispositive of claimant's entitlement to unemployment benefits. EAB reasoned that, even if a worker is a not a subject worker or the worker's services fall within an exemption from employment for purposes of unemployment taxes, the worker still may not be disqualified from receiving unemployment benefits under ORS 657.176. We recently rejected that interpretation of ORS 657.047 in *May Trucking Co. v. Employment Dept.*, 251 Or App 555, 284 P3d 553 (2012), and held that a determination that a worker's services are excluded from the definition of employment under ORS 657.047 is dispositive of the worker's for unemployment benefits. Thus, 3PD is technically correct that EAB erred by not considering in this proceeding 3PD's contention that claimant's services were exempt under ORS 657.047.

As mentioned above, we decide the petition for judicial review in the tax assessment case today, *3P Delivery, Inc. v. Employment Dept. Tax Section,* 254 Or App 180, and we uphold the department's audit and assessment for the four quarters of 2006 and 2007 (which encompassed most of claimant's period of employment), based on the department's determination that services provided to 3PD by its drivers—including claimant—during 2006 and 2007 pursuant to "lease back" arrangements were not within the scope of the exemption provided by ORS 657.047(1). Although we agree with the state's concession that, at the time EAB issued its order in this proceeding,

the department's order in the tax case was not preclusive because it was not final, we adhere to our analysis in *3P Delivery, Inc. v. Employment Dept. Tax Section*, and conclude that it is dispositive of 3PD's contention in this case that it was entitled to the exemption of ORS 657.047 with respect to its drivers during the four quarters of 2006 and 2007. We further conclude that EAB's findings in this case concerning the nature of claimant's employment— which 3PD does not challenge on review—are supported by substantial evidence and lead to the conclusion that claimant's services were not exempt under ORS 657.047. If EAB had addressed 3PD's assertion that claimant's employment was exempt, it would have been required to reject 3PD's assertion and to reach the same conclusion that it did as to claimant's for benefits. We therefore conclude that EAB's failure to address the exemption issue does not require reversal. *Steele v. Water Resources Commission*, 248 Or App 229, 240, 273 P3d 243 (2012).

Finally, we reject 3PD's contention in its second assignment of error that it has not had an opportunity to fully litigate the issue of the for-hire carrier exemption. The record shows that 3PD fully argued the exemption issue in this proceeding. Granted, EAB did not consider 3PD's contention on the merits because EAB held that 3PD was precluded from raising its argument; but, for the same reason discussed above concerning the third assignment of error, there is no reason to reverse EAB's decision.

Affirmed.