**Ira F. GUREWITZ, Relator,**

v.

**COMMISSIONER OF JOBS AND TRAINING, Respondent.**

No. C4–89–739.

Court of Appeals of Minnesota.

Aug. 29, 1989.

Ira F. Gurewitz, St. Louis Park, pro se.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by HUSPENI, P.J., and NORTON and LOMMEN,* JJ., without oral argument.

## OPINION

A. PAUL LOMMEN, Judge.

Relator Ira Gurewitz filed a claim for additional retroactive unemployment compensation benefits in response to a final decision by the Department of Jobs and Training which was issued after Gurewitz's benefit year had expired. The Department determined that Gurewitz's claim was untimely filed, and Gurewitz seeks review, arguing he should not be penalized for the Department's own delay in issuing a final decision regarding his benefits. We agree and reverse.

## FACTS

Ira Gurewitz filed a valid claim for unemployment compensation benefits effective October 26, 1986. The Department of Jobs and Training determined that Gurewitz was entitled to receive 26 weeks of benefits.

While he was receiving unemployment benefits, in January 1987 Gurewitz obtained a temporary job. He inadvertently failed to report his income to the Department for the first two weeks of the job, and received unemployment benefits for those two weeks.

In September 1988, the Department issued a determination that Gurewitz had earned income for the two unreported weeks in January 1987, and should not have received unemployment benefits for those two weeks. Gurewitz appealed the determination to a Department referee, who found that Gurewitz was ineligible to receive unemployment benefits for those two weeks. The referee concluded that Gurewitz was required to repay to the Department the benefits he had received for the two weeks in January.

Gurewitz appealed to a Commissioner's representative arguing that since he was entitled to receive 26 weeks of benefits, but was required to repay benefits for the two weeks in January, he actually only received a total of 24 weeks of benefits, and should therefore be allowed two more weeks of benefits for his continued period of unemployment in June 1987, after his benefits were initially determined to be exhausted.

By a decision dated December 2, 1988, the Commissioner's representative affirmed the referee's overpayment determination, but directed the benefits branch of the Department to determine Gurewitz's entitlement to two additional weeks of benefits to offset the overpayment.

On December 8, 1988, Gurewitz reported to the Department, requesting the two-week offset of benefits. On December 12, 1988, the Department issued a determination denying Gurewitz's request on the basis that his claim for retroactive benefits was untimely filed.

Gurewitz appealed to a Department referee, who affirmed the initial decision. Upon further appeal, a Commissioner's representative affirmed the determination that Gurewitz's claim was untimely filed. Gurewitz has obtained a writ of certiorari, seeking review of the Commissioner's decision.

## ISSUE

Did the Commissioner err by determining that Gurewitz is not eligible to offset his overpayment of benefits in January 1987 by additional benefits for June 1987?

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## ANALYSIS

The Department may reconsider the validity of a claim for unemployment benefits at any time within 24 months after the claim was filed. Minn.Stat. § 268.10, subd. 2(4) (1988). If the Department determines that an overpayment has occurred, a recipient must repay those benefits which he erroneously received. Minn.Stat. § 268.10, subd. 2(4); § 268.18, subd. 1 (1988). The unemployment statutes do not state whether an overpayment may be offset by a retroactive claim for additional benefits to which the claimant might otherwise have been entitled.

When interpreting statutes the intent of the legislature is paramount. Minn.Stat. § 645.16 (1988). The courts may not supply what the legislature has omitted, *Wallace v. Commissioner of Taxation*, 289 Minn. 220, 230, 184 N.W.2d 588, 594 (1971); nevertheless, a statute should be construed as a whole and various provisions of the statute should be interpreted in light of each other. *Anderson v. Commissioner of Taxation*, 253 Minn. 528, 533, 93 N.W.2d 523, 528 (1959).

The unemployment compensation statutes are considered humanitarian and remedial in nature; therefore, they must be liberally construed in favor of awarding benefits. *McGowan v. Executive Express Transportation Enterprises, Inc.*, 420 N.W.2d 592, 595 (Minn.1988).

The Commissioner denied the additional two weeks of benefits, relying upon Minn. Stat. § 268.08, subd. 1 (1988). That statute provides that an individual is eligible to receive unemployment benefits only if he

(1) has registered for work at and thereafter has continued to report to an employment office, or agent of the office, in accordance with rules the commissioner may adopt; except that the commissioner may by rule waive or alter either or both of the requirements of this clause as to types of cases or situations with respect to which the commissioner finds that compliance with the requirements would be oppressive or would be inconsistent with the purposes of [the unemployment compensation laws and]

(2) has made a claim for benefits in accordance with rules as the commissioner may adopt * * *.

Rules adopted by the Commissioner require that a claimant report to the Department and file continued claims for benefits in accordance with Department procedures. Even if a claimant has good cause for failing to file a timely continued claim for benefits, he must file a continued claim no later than 35 days following the expiration of his benefit year. Minn.R. 3305.1100, subpts. 7, 9 (1989). The Commissioner determined that under these rules, Gurewitz's retroactive claim for continued benefits was untimely.

We conclude Minn.R. 3305.1100, subpts. 7 and 9 are not applicable to the situation where the Department has issued a redetermination of benefits pursuant to Minn. Stat. § 268.10, subd. 2. A Department redetermination may be issued up to two years after an initial claim was filed; here, the Department's redetermination regarding Gurewitz's benefits was issued almost two years after his claim was filed—clearly more than 35 days after the expiration of Gurewitz's benefit year. To conclude that Gurewitz untimely filed his retroactive claim for continued benefits would not only be unjust but would result in an absurd and unreasonable interpretation of Minn. Stat. § 268.08, subd. 1. *See* Minn.Stat. § 645.17(1) (1988) (it must be presumed that the legislature does not intend an absurd or unreasonable result.) We particularly note that Minn.Stat. § 268.08, subd. 1, entitles the Commissioner to waive or alter reporting requirements if compliance with those requirements would be oppressive or inconsistent with the purposes of the unemployment laws.

## DECISION

Gurewitz, if otherwise entitled, may offset his overpayment by the two weeks of additional benefits to which he might otherwise have received in June 1987.

Reversed.